No. 16,621.

SAFEWAY STORES, INC. ET AL. *v.* NEWMAN ET AL.
(230 P. [2d] 168)

Decided March 12, 1951.   Rehearing denied April 16, 1951.

Messrs. McCOMB & ZARLENGO, for plaintiffs in error.

Mr. W. T. MOYERS, Mr. DUKE W. DUNBAR, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy, Mr. PETER L. DYE, Assistant, for defendants in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the court.

Newman, the claimant, received an injury on April 15, 1947, in the course of his employment as receiving clerk for the Brentwood Egg Company, which has some connection with Safeway Stores, Inc., plaintiff in error, which is not clearly disclosed by the record. According to the first report of the accident filed with the Industrial Commission on April 23 by Brentwood Egg Company, claimant, while moving a skid that slipped out of his hands and hit him in the left groin, suffered an injury, the nature of which was "contusion of left groin and testicle."

On May 5, admission of general liability was filed by Safeway Stores, Inc. and Hartford Accident and Indemnity Company, the insurance carrier. This admitted liability was for fourteen dollars per week, beginning April 25 and continuing during disability and "was for such permanent disability as may hereafter be determined to exist." Compensation was paid at that rate from April 26 to May 15, inclusive. At a hearing before a referee of the Industrial Commission on July 18, 1947, the referee found that claimant had sustained an injury while moving a skid on the premises of his employer, which slipped and struck him in his left side, thereby bruising the groin and the inguinal region and he was obliged to leave work on the day of the accident and was totally disabled until May 16, 1947. By reason of the injury, he sustained no permanent disability nor hernia. On June 11, the Industrial Commission, upon information contained in a letter from Dr. R. L. Drinkwater dated May 28 and addressed to the insurance carrier, granted permission to suspend payment of compensation as of May 15, 1947. Thereafter, the hearing was had, resulting in the finding and award of the

referee on July 18 referred to above. Thereafter, and on September 8, 1947, and less than five months from the date of the accident, claimant filed petition to reopen the case, alleging that his physical condition had changed, in that it had become worse, and attached thereto the report of Dr. Robert M. Maul. Without a hearing, the Industrial Commission, on September 11, denied the petition.

Again on February 1, 1949, claimant filed petition to reopen the claim, alleging that there was error in the order dated July 30, 1947. However, on February 11, claimant amended his petition in which he eliminated "there was error in the order dated July 30, 1947," and alleged that his condition had changed in that it had become worse. On February 7, 1949, the Industrial Commission, having particularly refused claimant's petition to reopen, entered its supplemental order reopening the cause on its own motion for the purpose of determining whether or not there had been error, mistake or change in condition, and set a hearing date. After several partial hearings, at all of which claim was made for additional consideration due to an injury to his back, the testimony of the attending physicians and surgeons sustained the claim of an injury to the back, and nearly all of them said the injury was traumatic and related to the original accident of April 15, 1947.

After due notice, hearings were had before the commission on July 13, September 9, and September 16, 1949, after which the Industrial Commission entered a supplemental award finding that at the time of the accident on April 15, 1947, claimant received a blow in his left groin and was thrown against the wall, which he struck with his back and suffered therefrom a left epididymitis and orchitis and an irritation of the right sciatic nerve which caused a permanent disability of ten per cent as a working unit and directed payments at the rate of fourteen dollars per week for different periods and further directed the respondents to pay that

rate from December 18, 1948 until the additional sum of $2,313.58 shall have been paid, together with a $300 award as attorney's fee. In compliance with the statute, petitions for review were timely filed and denied by the final award of the commission and review was had in the district court, which affirmed the award of the commission. The employer and the insurance carrier seek reversal of the judgment on the ground that the claim for the back injury was barred by the statute of limitations in that the notice of claim for back injury was not filed within six months after the injury as provided in section 363, chapter 97, '35 C.S.A., the material part of which is: "The right to compensation and benefits, as provided by this article, shall be barred unless within six months after the injury, or within one year after death resulting therefrom, a notice claiming compensation shall be filed with the commission. This limitation shall not apply to any claimant to whom compensation has been paid." The 1941 amendment to this Act (S.L. '41, c. 238, §1), further provides, "This limitation shall not apply to any claimant to whom compensation has been paid, or where it is established to the satisfaction of the Commission within two years after the injury or death that a reasonable excuse exists for the failure to file such notice claiming compensation * * *."

Counsel for plaintiff in error insist that since the claimant failed to file a claim for back injury within the six months, the judgment should be reversed for the further reason that the referee made no finding that there was reasonable excuse for the failure to file within the six-months' period of limitation; and further states that the claimant presented no excuse whatever for not filing his claim within the required period. The Colorado cases, *Industrial Commission v. Hover & Co.*, 82 Colo. 335, 259 Pac. 509, and *London Guarantee & Accident Co. v. Industrial Commission*, 83 Colo. 252, 263 Pac. 405, which counsel cites, support his general contention that the claim is barred unless filed within six

months after the injury; nevertheless, the facts in those cases are easily distinguishable from those in the case at hand.

It is true that during the time leading up to the first hearing before the commission, claimant was unquestionably suffering from the severe blow and injury to his left testicle and inguinal area, and under such distress and suffering it is only natural to think that emphasis would be laid on that particular point of injury, and the award made following the first hearing undoubtedly was based thereon. However, a later hearing was had on the question of hernia, resulting in a denial of an award therefor, and within the six-months' period, claimant's petition for a reopening of the case was peremptorily denied without a hearing. The history of the entire period involved in this case discloses surgical correction of a hernia, and further general inability to work. The diagnosis of claimant's physician, as well as that of the physicians otherwise examining claimant, shows that during the latter part of this period, claimant's disability was from a back injury and at the time of the hearing in November of 1949, he was still suffering from a painful condition in his right testicle, all resulting from the original injury. The physicians and surgeons generally agreed that the back injury might have been traceable to the original accident.

It is reasonable to assume that the commission, in reopening the case, considered that it was following up the original claim for injury. The original claim was not made by the claimant, but by the employer, by which claimant is not bound. It is undisputed that the commission had clear statutory authority to reopen the case on its own motion on the grounds of error, mistake, or change in condition, at any time within six years from the date of the accident. The evidence before the commission was sufficient for it to determine that the back injury resulted from the original accident. Compensation is allowed for disability resulting from an injury, which

cannot always be known at the outset. The claimant is not to be precluded by his failure to know the full effect and final results that may attend from an injury. To hold that he must know within the six-months' period of an additional injury traceable to the accident would be tantamount to saying that he is bound to know that which, according to nature in some instances, cannot be known within that period. The commission had full jurisdiction to deal with the disability apparent and provable at the first hearing, and it surely retains jurisdiction to deal with any further disability that may appear that can be directly traced to the original injury if such appears for consideration by the commission within the six-year period of limitations provided by statute. It makes no difference if the disability manifests itself at first or at a later time. Compensation is to be allowed for such further disability, within the limitation period, even though it was not contemplated in the first award.

Under the facts peculiar to this case, counsel's contention that the claim was barred by the six-months' statute of limitation is not well taken. The commission acted well within its powers, and the judgment of the district court affirming the award was correct and is affirmed.

MR. JUSTICE HAYS and MR. JUSTICE ALTER dissent.