No. 19,827.

MONKS EXCAVATING & REDI-MIX CEMENT, ET AL. *v.*
DONALD L. KOPSA AND INDUSTRIAL COMMISSION
OF COLORADO.
(367 P. [2d] 321)

Decided December 18, 1961.

Mr. Robert R. Montgomery, for plaintiffs in error.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank E. Hickey, Deputy, Mr. Peter L. Dye, Assistant, for defendant in error Industrial Commission of Colorado.

*In Department.*

Opinion by Mr. Justice Day.

We will refer to the plaintiff in error Monks Excavating & Redi-Mix Cement as employer; to the defendant in error Kopsa as claimant, and to the Industrial Commission as the commission.

This writ of error is directed to a judgment of the district court affirming an award of the commission to claimant under the Workmen's Compensation Act, C.R.S. '53 81-1-1, et seq.

The facts out of which this claim arose are not in dispute. The claimant was a machine operator for employer. On September 15, 1958, while guiding a pipe being pulled by a dragline, he was knocked to the ground. He immediately got to his feet, brushed himself off and continued to work. His employer, who was also his father-in-law, saw the incident, but when the employee got up and went right back to the heavy work he was doing as before and made no complaint and made no report as to *any injury,* the matter was given no further attention by either the employer or the employee. Employee continued to work on this construction job through the remainder of September and into October without interruption, and not once complained to his father-in-law of any back injury. In October he went to Kansas where he engaged in heavy work "running a blade, a motor grader" (a rubber-tired caterpillar) described by the claimant as heavy type construction work. At that time he began to suffer back aches and for the first time consulted a physician. The following July, when his symptoms became so aggravated that he was unable to do more work, he entered the Veterans Hospital for treatment.

It is undisputed that in ten months, up to his hospitalization in July, the employee never reported to his father-in-law that he had injured his back or was suffering from any back difficulty. When the employer-father-in-law visited claimant in Veterans Hospital he was informed for the first time that claimant was injured and that he claimed his injuries to have arisen out of the incident the previous September. On October 5, 1959 — thirteen months after accident — employee filed his claim for compensation with the Industrial Commission.

Employer contested the action pursuant to C.R.S. '53, 81-13-5, asserting that the claim was barred by failure of the employee to file his claim for compensation *"within six months after the injury"* as provided therein. The employer challenges, both as error in law and as not supported by the record, the final award of the commission wherein is the conclusion "that a reasonable excuse *was produced* for claimant's failure to file his claim within six months following the date of his industrial injury." The commission failed to make a finding that "the employer's rights have not been prejudiced thereby."

The statute involved reads as follows:

"Notice of injury — time limit. — Notice of an injury, for which compensation and benefits are payable, shall be given by the employer to the commission within ten days after the injury, and in case of the death of any employee, resulting from any such injury, the employer shall give immediate notice thereof to said commission. If no such notice is given by the employer, as required by this chapter, such notice may be given by any person. Any notice required to be filed by an injured employee or, if deceased, by his dependents, may be made and filed by anyone on behalf of such claimant and shall be considered as done by such claimant if not specifically disclaimed or objected to by such claimant in writing filed with the commission within a reasonable time. Such notice shall be in writing and upon forms prescribed by the commission for that purpose and served upon the commission by delivering to, or by mailing by registered mail, two copies thereof, addressed to the commission at its office in Denver, Colorado. Upon receipt of such notice from a claimant the commission shall immediately mail one copy thereof to said employer, his agent or insurance carrier.

"The commission shall have jurisdiction at all times to hear and determine and make findings and awards on all cases of injury for which compensation or benefits are provided in this chapter. *The right to compensation*

*and benefits,* as provided by this chapter, *shall be barred unless within six months after the injury,* or within one year after death resulting therefrom, *a notice claiming compensation shall be filed with the commission.* This limitation shall not apply to any claimant to whom compensation has been paid, or where it is *established* to the satisfaction of the commission within two years after the injury or death that a reasonable excuse exists for the failure to file such notice claiming compensation, *and the employer's rights have not been prejudiced thereby,* and the furnishing of medical, surgical or hospital treatment by the employer shall not be considered payment of compensation or benefits within the meaning of this section." (Emphasis supplied.)

█ Nowhere in the findings of fact by the commission, nor in the record, was there any showing that the employee "established" an excuse for failure to file his claim for more than a year. Nor was there "established" an excuse for claimant's failure to report the injury to his employer for a period of ten months. When asked by the referee as to claimant's reason for waiting so long to file his claim, claimant offered no excuse whatsoever, giving the following answer: "Well, I really didn't think there was anything to it. *I don't know.* I thought it was just another back ache and decided to let it go, and when it got so bad I couldn't work any more, why, I thought I better file a claim." (Emphasis supplied.) Having no explanation or excuse from the claimant upon which to set aside the six months bar as provided by statute, the commission supplied its own excuse as follows:

"Thus it is quite apparent that both claimant and respondent employer were at fault in failing to observe the statutory requirements set forth in Section 84 [81-13-5] of the Workmen's Compensation Act. Had the employer acted promptly and in accordance with the statutory provision, claimant would have been promptly notified and would have had an opportunity to file his claim for compensation. However, the employer's dere-

liction placed claimant in violation. Since the benefit to be derived from the statutory requirement flows equally to respondent employer and claimant, the burden of acting must be equal with the equities to be resolved in favor of claimant."

With the issue being resolved by the commission solely on a finding of *violation of a statutory duty* on the part of the employer, the question is whether there is anything in the record to support the commission's conclusion that the employer violated the law. The factual situation upon which the finding of violation of the statute is predicated is recited in a "Supplemental Order" of the referee as follows:

"As previously recited in the Referee's Order dated March 4, 1960, claimant's accident *and injury* were well known to his employer; in fact, they occurred in his presence and while he was an active participant in the incident. As previously recited, the claimant is a son-in-law of respondent employer. All facts pertinent to the *onset of trouble* were available to both parties; however, the employer did not *file an accident report* regarding the incident until October 24, 1959, when said report was received by the Industrial Commission. Seven weeks thereafter claimant filed his claim for compensation and, in apt time, the matter was brought before the Referee for determination." (Emphasis supplied.)

The evidence is undisputedly contrary to the finding that the injury was "well known to his employer." The evidence is diametrically opposed to the finding that the facts of the "onset of trouble" were available to the employer. And we hold that there was no violation of the law by the employer.

The statute in question requires that *"Notice of injury,* for which compensation and benefits are payable, shall be given by the employer to the commission within ten days after the *injury, * * *."* (Emphasis supplied.) The commission by its findings has changed the statutory wording and has substituted the word *"acci-*

*dent*" for "*injury*" where it twice appears, with emphasis supplied, in the portion of the statute above quoted. Where, as in this case, the employer has no notice of an *injury* communicated to him by the employee, who can feel and know whether he is hurt or not, the employer is not required to do anything under the statute. This court, as early as 1927, had occasion to construe this and another section of the statute in *Industrial Commission v. Hover*, 82 Colo. 335, 259 Pac. 509. Although the statute was amended in 1941, only the second paragraph thereof was altered. The first paragraph with relation to the notice of injury to be filed by the employer is exactly the same as it was at the time of the Hover ruling. We quote from the Hover case:

"\* \* \* The special statute of limitations which this act provides declares that the right to compensation and benefits provided by the act shall be barred unless there be filed by or in behalf of the claimant notice of his claim to compensation within six months after the injury, when death does not result therefrom. Death did not result in this case. The claimant admits, and the record shows, that he did not file his notice claiming compensation with the commission within six months after the day of the injury, which he says was November 12, 1924, and he did not file it until July 1, 1926, about one year and eight months after the injury. The only attempt of the *claimant to escape the bar* of the statute is the *unwarranted assumption that it was waived by the failure of the employer to comply with another* provision of our statute and rule 8 of the Industrial Commission, adopted in pursuance thereof, which requires that notice of contest, if any, by the employer shall be filed by him or the insurance carrier within fifteen days after notice of accident or claim, setting forth the several grounds of the contest. There are at least two reasons why this alleged waiver cannot be asserted. When the claimant on November 13, 1924, the day after the alleged accident, told the employer's manager there-

of, he expressly stated *that he was all right and continued at work,* as he had up to the time of the injury, until about May 2, 1926, when he submitted to an operation. When claimant thus stated to his employer that he was all right and thus *continued for many months thereafter with the work* and *made no claim of compensation,* the employer *was not required to notify the commission of the injury or to file notice of contest for no such claim of compensation had been made.* After claim of compensation was made and the employer notified thereof, it filed such notices with the commission within the time fixed by the statute and its rule passed in pursuance thereof. Under the undisputed facts there was no failure of the employer to comply with the statute and the rules of the commission." (Emphasis supplied.)

▮ The statute would be an absurdity if interpreted to require the employer to report to the commission something about which he has no knowledge, namely *an injury* to an employee. By the same token, to interpret the statute so as to require the employer to report *all accidents* to the commission would be a burden not to be found in the statute. Day by day in every type of employment in the state there are countless incidents wherein workers fall or are pushed to the ground, or wherein they slip, or step in a hole, or strike some part of their body. Because of the burden involved in reporting all of these small incidents, it was plain that the Legislature intended that *only injuries,* be reported within the ten day period prescribed.

The finding by the commission that the employer was derelict in his duty in the face of the silence of the employee, who also was so closely related to him that he would be able to communicate even the slightest symptoms, is unwarranted.

▮ Although the commission did not, as required by law, make a finding that the "employer's rights were not prejudiced" by the failure of the employee to report his injury, or make claim for compensation, it makes no

594

difference in view of our decision. However, we call attention to the fact that the statute requires that there be *both* a finding that a reasonable excuse exists, *and* that the employer's rights have not been prejudiced.

The judgment is reversed with directions to the trial court to remand the case to the commission with instructions to dismiss the claim.

MR. JUSTICE SUTTON and MR. JUSTICE PRINGLE concur.