No. 22173.

ARLEY VERNON SILSBY v. TOPS DRIVE IN RESTAURANT-DUTTON ENTERPRISES, INC., STATE COMPENSATION INSURANCE FUND, AND THE INDUSTRIAL COMMISSION OF COLORADO.

(418 P.2d 525)

Decided October 3, 1966.

WILLIAM J. MADDEN, for plaintiff in error.

FRED B. DUDLEY, RICHARD G. FISHER, JR., FRANCIS L. BURY, for defendants in error Tops Drive In Restaurant-Dutton Enterprises, Inc., and State Compensation Insurance Fund.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, PETER L. DYE, Asistant, for defendant in error Industrial Commission of Colorado.

*In Department.*

Opinion by MR. JUSTICE MOORE.

THIS is a Workmen's Compensation case in which the plaintiff in error, hereinafter referred to as the claimant, seeks reversal of the district court judgment which affirmed the action of the Industrial Commission in dismissing the claim.

The accident in which claimant was involved occurred on September 26, 1962. The claim for benefits under the Workmen's Compensation Act was not filed until March 20, 1964. C.R.S. 1963, 81-13-5 (2) reads as follows:

"The commission shall have jurisdiction at all times to hear and determine and make findings and awards on all cases of injury for which compensation or benefits are provided by this chapter. The right to compensation and benefits, as provided by this chapter, shall be barred unless within one year after the injury, or after death resulting therefrom, a notice claiming compensation shall be filed with the commission. This limitation shall not apply to any claimant to whom compensation has been paid, or when it is established to the satisfaction of the commission within two years after the injury or death that a reasonable excuse exists for the failure to file such notice claiming compensation, and the employer's rights have not been prejudiced

thereby, and the furnishing of medical, surgical or hospital treatment by the employer shall not be considered payment of compensation or benefits within the meaning of this section."

Under the above-quoted statute the claimant is barred from claiming benefits unless under the record before us we are required to say, as a matter of law, that it was "established to the satisfaction of the commission * * * that a reasonable excuse exists for the failure to file such notice claiming compensation." Obviously the Industrial Commission was not satisfied that a reasonable excuse for the delay was shown.

We have examined the entire record and find nothing therein which indicates that the Industrial Commission abused its discretion in dismissing the claim. This conclusion is fully supported by the holdings of this court in *University of Denver v. Johnston,* 151 Colo. 465, 378 P.2d 830, and *Monks Excavating & Redi-Mix v. Kopsa,* 148 Colo. 586, 367 P.2d 321.

From *Armour and Company v. Industrial Commission,* 149 Colo. 251, 368 P.2d 798, we quote the following pertinent language:

"* * * Not all reasons constitute legally justifiable excuses within the purview of C.R.S. '53, 81-13-5. This must be so, otherwise the limitation provisions of the statute would be rendered nugatory. * * *"

This language is applicable to the case at bar. A "legally justifiable" excuse is one which the Commission, under all attendant circumstances, finds to be reasonably sufficient to excuse the delay. The Industrial Commission did not err in finding that no "reasonable excuse" was shown for the claimant's delay.

The judgment is affirmed.

MR. CHIEF JUSTICE SUTTON AND MR. JUSTICE PRINGLE concur.