No. 22376.

CITY OF BOULDER, STATE COMPENSATION INSURANCE FUND,
AND INDUSTRIAL COMMISSION OF COLORADO *v.*
PAUL W. PAYNE.
(426 P.2d 194)

Decided April 17, 1967.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, Peter L. Dye, Assistant, for plaintiff in error Industrial Commission of Colorado.

Harold Clark Thompson, Alious Rockett, Francis L. Bury, Feay B. Smith, Jr., for plaintiffs in error City of Boulder and State Compensation Insurance Fund.

Ryan, Martin, Brotzman, Caplan, and Knapple, for defendant in error.

*En Banc.*

Mr. Justice Kelley delivered the opinion of the Court.

This is a workmen's compensation case. It is here on a writ of error directed to a judgment of the District

Court of Boulder County, which awarded compensation to the employee (claimant), the defendant in error. The plaintiffs in error are, the City of Boulder (the employer, or Boulder), State Compensation Insurance Fund (the fund), and the Industrial Commission of Colorado (the commission). The referee and the commission each, in turn, denied workmen's compensation benefits to claimant.

The complaint in the district court sets forth the basic facts with which we must deal in answering the question propounded by this writ of error.

In paragraph I thereof, it is alleged:

"That on or about September 21, 1959, plaintiff was employed as a fireman by the City of Boulder and that on said date sustained an accident arising out of and in the course of his employment. That plaintiff reported the accident to his employer and received medical treatment which was paid for by the Workmen's Compensation Insurance Fund. Plaintiff was advised by his physician that he was able to return immediately to his duties as a fireman and, therefore, plaintiff assumed that the matter was finished and he did not file a claim for compensation. During the period subsequent to the accident, the plaintiff experienced continuing medical difficulties, but was unable to determine the origin of his ills. On April 7, 1965, a neurosurgeon performed an operation on plaintiff in which it was discovered that the plaintiff suffered from calcium deposits and bone chips of his vertebrae which were affecting the nerves of the left side of his body. It was further established that the injury to his vertebrae was caused by the accident occuring in September of 1959."

Boulder, the fund and the commission, defendants in the foregoing complaint, in effect admitted the above facts and that the claimant had taken all required procedural steps preliminary to filing a complaint in the district court, but denied liability, asserting that the claimant's failure to file a claim for benefits until August

23, 1965, barred such claim, by virtue of C.R.S. 1963, 81-13-5.

█ The pertinent portion of the statute relied upon by the plaintiffs in error reads as follows:

"The commission shall have jurisdiction at all times to hear and determine and make findings and awards on all cases of injury for which compensation or benefits are provided by this chapter. The right to compensation and benefits, as provided by this chapter, shall be barred unless within one year after the *injury* . . . . a notice claiming compensation shall be filed with the commission. This limitation shall not apply to any claimant to whom compensation has been paid, or when it is established to the satisfaction of the commission within two years after the injury or death that a reasonable excuse exists for the failure to file such notice claiming compensation, and the employer's rights have not been prejudiced thereby, and the furnishing of medical, surgical or hospital treatment by the employer shall not be considered payment of compensation or benefits within the meaning of this section." (Emphasis added.)

█ The pivotal word in the statute is *injury*. The statute says, "The right to compensation and benefits . . . . shall be barred unless within one year after the *injury*. . . ." (Emphasis added.) The commission's position was initially set out in a letter to a Dr. Gilman, who had written a letter in April 1965, in behalf of claimant, asking the commission how to "reopen the case." The commission's letter, over the signature of the referee whose decision was appealed to the district court, advised Dr. Gilman:

"Under the Workmen's Compensation Act it specifies that every individual who sustains an *accident* in the course of their employment is to file a claim with this commission for compensation benefits within one (1) year from the date of the *accident*." (Emphasis added.)

Again, on July 22, 1965, in response to a letter from

Boulder, the commission called attention to the same limitations section, and then commented:

"We have the original of the employer's *First Report of Accident* (your Exhibit A) *which shows on its face that this claimant was injured September 21, 1959,* he quit work the same day but returned to work September 26, 1959. Had his First Report shown on its face that the claimant was off work more than seven days, we would have sent him one of our form letters advising of the necessity of filing a claim within one year along with claim blanks." (Emphasis added.)

In the answer which the fund filed in the district court, it took the same position in this fashion:

"That the plaintiff above named wholly neglected and failed to file with the Industrial Commission of Colorado a claim for workmen's compensation benefits as required by law until on or about August 23, 1965, almost six years *from the date of his alleged accident of September 21, 1959.* Consequently, his claim for compensation benefits is barred by the statute of limitations (Section 84, Workmen's Compensation Act of Colorado, 81-13-5, C.R.S. 1953 as amended)." (Emphasis added.)

The commission has used *injury* and *accident* interchangeably.

█ We have reviewed the Workmen's Compensation Act from beginning to end, the leading texts, prior decisions of this court and those from other jurisdictions. Although there is some disagreement, the majority of the courts distinguish between "accident" and "injury." On this point we agree with the trial judge when he said:

". . . My own reaction is that there is a difference between an accident and an injury, and the apparent facts of this case demonstrate the difference. We know the date when this accident occurred; we know that Mr. Payne sustained some injury for which he was treated at that time. And I would suppose that under these cases cited that he is barred now from any recovery on the basis of that initially discovered injury; but I gather

from the testimony presented to the Industrial Commission that there was a second and separate injury not discoverable until months later. So it seems to me that there is a real distinction in this case between the date of the accident and the date of the discovery of the second and more serious injury to the arm and, apparently, to the back."

■ The general assembly saw fit in 1963 to define both terms. They are the only terms in the Act which are defined. C.R.S. 1963, 81-2-9, reads:

"(1) The term 'accident' as used in this chapter shall mean and include one or more determinate act or acts of a traumatic nature, which caused an injury.

"(2) The term 'injury' or 'injuries' as used in this chapter shall mean and include only trauma to the physical structure of the body and such disease or infection as naturally results therefrom. . . ."

■ *Accident* is the cause and *injury* is the effect. It does not follow in every instance that the two occur simultaneously. At least, in many instances, the total or ultimate effect is not immediately apparent. The slow, progressive development of the ultimate effect in the instant case was neither apparent to several doctors who treated claimant nor to the claimant. Surely, it was not contemplated by the legislature that a workman have greater medical perception than a physician.

■ The Workmen's Compensation Act was enacted for a beneficent purpose — to allay the adverse economic effects upon a workman which flow from a *disabling* industrial accident. In order to carry out the intended purpose of the Act, it is necessary to avoid hypertechnical refinements in the construction of the terms and provisions of the Act. And this is especially true where, as here, there is no prejudice to the employer.

■ The record in this case discloses that claimant was examined, treated and paid fees to a number of doctors between the time of his release in December 1959 by the physician who initially examined and

treated him and the time in April 1965 when Dr. Gilman discovered the true cause of claimant's progressive disability to be the accident of September 21, 1959. The claimant was able to return to work on September 26, 1959, and he continued to work until April 1965; hence he was not disabled — he did not have a *disabling injury*. Since no benefits flow to a workman merely because he has been the victim of an *accident* and since *injuries* must be of sufficient magnitude to prevent him from working for more than seven days before they are compensable, it follows that the term "injury," as it is employed in 81-13-5, means *compensable injury*. In fact, the statute so states, in slightly different verbiage. It requires notice to be given "of an injury, *for which compensation and benefits are payable.* . . . and the furnishing of medical, surgical or hospital treatment by the employer shall not be considered payment of compensation or benefits within the meaning of this section." (Emphasis added.)

█ Before leaving the statute we should point out that the bar "does *not* apply to any claimant to whom compensation has been paid." Claimant was off duty from September 21 until September 26, a total of five days. If he had remained off duty another five days he would have drawn compensation for three of those days and, under such circumstances, the commission would not have invoked the statute of limitations. It is inconceivable that the lawmakers intended to penalize one whose hurt seems trivial as compared to one whose injury is only slightly less trivial, or whose recuperative powers are greater, or who, by sheer determination, continues to work. We believe the trial judge's reasoning works toward the equality of application which the legislature must have intended this law to have.

█ We hold that the time begins to run for filing "a notice claiming compensation" when the claimant, as a reasonable man, should recognize the nature, seriousness and probable compensable character of his

injury. *Safeway Stores v. Newman*, 123 Colo. 362, 230 P.2d 168; *Anderson v. Contract Trucking Co., Inc.*, 48 N.M. 158, 146 P.2d 873; *Baldwin v. Scullion*, 50 Wyo. 508, 62 P.2d 531; 2 Larson, Workmen's Compensation Law § 78.41. We adopt this rule with the conviction that the legislature could not have intended to give substantive benefits on the one hand and then, on the other, take them away by the imposition of a literally impossible procedural condition.

This court in another area of the compensation law has relieved the employer of the responsibility of reporting every accident. The philosophy of this statement from *Monks Redi-Mix v. Kopsa*, 148 Colo. 586, 367 P.2d 321, is applicable here:

"The statute would be an absurdity if interpreted to require the employer to report to the commission something about which he has no knowledge, namely *an injury* to an employee. By the same token, to interpret the statute so as to require the employer to report *all accidents* to the commission would be a burden not to be found in the statute. Day by day in every type of employment in the state there are countless incidents wherein workers fall or are pushed to the ground, or wherein they slip, or step in a hole, or strike some part of their body. Because of the burden involved in reporting all of these small incidents, it was plain that the Legislature intended that *only injuries*, be reported within the ten day period prescribed."

Having disposed of the limitations problem we now turn to the final point raised by the defendants in error. They argue that if the lower court is correct in its ruling that the statute of limitations does not begin to run until the injury becomes *apparent* to the claimant, then his right to compensation is foreclosed by C.R.S. 1963, 81-13-6, which provides that:

"Any disability beginning more than five years after the date of accident shall be conclusively presumed not to be due to the accident."

This statute is not one of limitations. It creates an arbitrary rule of evidence, which inhibits the commission from finding any causal connection between an injury and an accident when the disability has its *beginning* five years after the date of the accident. In this case, the *beginning* of the disability was at the time of the accident. Claimant was actually disabled — off work for a period of five days. A period of insufficient duration to entitle him to compensation benefits, but of sufficient magnitude to require initial treatment for some three months. The disability here is a recurrence of that initial disability and hence is not within the terms of the statute. See *Industrial Commission v. Weaver*, 81 Colo. 191, 254 P. 444.

The judgment is affirmed and the cause remanded to the district court with directions to remand to the Industrial Commission for proceedings in conformance with the judgment of the district court.

MR. JUSTICE SUTTON not participating.