No. 22796.

Industrial Commission of Colorado, State Compen-
sation Insurance Fund, Emory Earle and June G.
Earle v. Donald Charles Workman.
(437 P.2d 795)

Decided February 5, 1968.

Duke W. Dunbar, Attorney General, Frank E. Hickey,
Deputy, Peter L. Dye, Assistant, for Industrial Commis-
sion of Colorado.

ALIOUS ROCKET, FRANCIS L. BURY, FEAY BURTON SMITH, JR., for plaintiffs in error, State Compensation Insurance Fund, Emory Earle and June G. Earle.

STRANG, CAMPBELL & CASHEN, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE MOORE.

THIS is a Workmen's Compensation case in which the claim for benefits provided by law was filed approximately three weeks after the expiration of one year from the date of the industrial accident which allegedly resulted in disability.

The sole question presented to this court is whether the Industrial Commission abused its discretion in dismissing the claim for failure to file it within the statutory period of one year as required by C.R.S. 1963, 81-13-5(2). Upon review of the order of the Industrial Commission by the district court it adjudged that "the dismissal of the claim was arbitrary and capricious" and amounted to an abuse of discretion.

We have read the record as made before the commission, have considered the briefs of counsel, and have also heard the oral argument. We hold that this case falls within the coverage of the following language quoted from the opinion of this court in *City of Boulder v. Payne*, 162 Colo., 345, 426 P.2d 194:

"We hold that the time begins to run for filing 'a notice claiming compensation' when the claimant, as a reasonable man, should recognize the nature, seriousness and probable compensable character of his injury. * * *"

The evidence establishes clearly that the claim was filed within one year of the time the claimant should have known the "compensable character of his injury."

The judgment of the trial court is affirmed, and the

cause remanded with directions to order further proceedings before the commission on the merits of the claim.

MR. JUSTICE MCWILLIAMS, MR. JUSTICE PRINGLE and MR. JUSTICE KELLEY concur.