Opinion by
Mr. Justice Day.
This writ of error is directed to a judgment of the district court affirming the findings and award of the. *78 Industrial Commission in a workmen’s compensation proceeding.
Two questions are presented for determination:
(a) Whether the Commission abused its discretion in finding as a fact that incarceration in the state penitentiary at Canon City excused the claimant from filing his notice of claim for compensation within one year as provided by C.R.S. 1963, 81-13-5, and
(b) Whether the Commission’s finding that the employer was not prejudiced by the late filing has support in the record.
The pertinent facts are not in dispute. Claimant, while lifting a mop bucket in the course of his employment as a night watchman for the City and County of Denver, on or about February 4, 1963, suffered a pain in his back. Claimant continued to work for a couple of days thereafter, but reported to the employer’s medical clinic at Denver General Hospital where he was examined by one Dr. Jones. Dr. Jones directed the claimant to Dr. Charles Freed, a neurosurgeon, who conducted an independent examination and treated the claimant on two different occasions. Both the examination by Dr. Jones and the two examinations by Dr. Freed were reported to the insurer, State Compensation Fund. The Fund paid the medical expenses for examination and drugs for treatment. No claim for compensation was filed; no admission of liability was made; and no compensation was paid by the Fund for the reason that the claimant continued to work as a night watchman for his employer.
Claimant was away from his employment from March 21, 1963 to March 27, 1963 when he was confined in the Denver jail charged with a felony. He obtained his release on bond and returned to his job as night watchman on March 27th, at which employment he worked without interruption until May 27, 1963. He left his employment on that date because of his plea of guilty to the felony charge, his detention in the county jail, and his subsequent incarceration in Canon City penitentiary.
*79 Claimant was released from the state penitentiary on July 8, 1964, on which date he voluntarily entered Colorado State Hospital at Pueblo to receive therapeutic treatment advised by the psychiatrist at the penitentiary. He was released from the state hospital on parole on September 11, 1964. On October 5, 1964 — a period of twenty months from the time of the accident upon which the claim is based — claimant filed with the State Industrial Commission his notice of claim for compensation.
The Fund filed with the Commission motions to dismiss the claim on the ground that the claim was not timely filed with the Commission, and that the claimant had not proffered a reasonable excuse for such failure. (C.R.S. 1963, 81-13-5.) Following a hearing the referee denied the motion to dismiss, and made a finding that there was a reasonable excuse for claimant’s failure to file his notice of claim on the ground that “* * * the claimant was incarcerated in the State Penitentiary and in the State Hospital for a total [15] months, and that the respondents are not prejudiced in that they received the initial medical reports filed by the treating physicians prior to the claimant’s entry into confinement.” The referee then found that the claimant had sustained an accident arising out of and in the course of his employment. He stated, however, that he was unable to determine the period of temporary disability or whether the claimant had sustained any permanent disability. He ordered the matter reset for the taking of testimony in relation to these two issues.
The referee’s findings and orders were adopted and affirmed by the Commission, and on review in the district court the Commission’s determination was affirmed.
 In view of our disposition of the second question under (b), we need not decide whether incarceration in the penitentiary is a legal excuse. Assuming that it was a valid excuse, nevertheless, nonprejudice *80 to the employer is a necessary prerequisite to the acceptance of the claim, and we hold that the finding by the Commission that the employer was not prejudiced is not supported by the record.
The Commission’s only finding on the important question of whether there was prejudice to the employer was the statement that the City as employer had received initial medical reports of the treating physician at the time of the accident. From this it concluded that the employer was not prejudiced from this fact alone. The one does not logically flow from the other, and the finding of the receipt of initial medical reports does not support a ruling of nonprejudice. The employer admits it had notice of the accident, and that there was some treatment afforded and paid for, but as we stated in Monks Redi-Mix v. Kopsa, 148 Colo. 586, 367 P.2d 321, notice of the accident is not equivalent to notice of claim for compensable injury.
The initial reports —far from being notice to the employer — 'indicated that there was no claim for compensation. In fact, they were such as to establish a nondisabling and noncompensable accident. Claimant continued to work uninterruptedly, and, insofar as the employer knew, claimant’s condition had not become nor would it tend to ripen into a claim for disability.
Although mere lapse of time ordinarily is insufficient to constitute prejudice to the employer, on the facts of this record during the 20 months before claimant made his claim for permanent partial and permanent total disability, the employer was deprived of its statutory right to have the claimant medically examined and was also further denied an opportunity to provide medical care for the claimant so as to reduce the disability claim. Claimant’s medical treatment in the state penitentiary and in the state hospital were both unknown to the employer, and deprived it of the right to consult with those physicians concerning any connection between his extant condition and the accident.
*81 In Armour & Co. v. Industrial Commission, 149 Colo. 251, 368 P.2d 798, the claimant, as in the case at bar, suffered increasing pain and difficulty from the industrial accident without giving the employer notice so that it could take the necessary and proper steps to protect its rights. We there held that the Commission abused its discretion in allowing a late-filed claim for compensation, stating as follows:
“* * * For if she had so filed it would have afforded the employer the opportunity to examine and treat her with the probability of limiting or eliminating her disability. To say that no prejudice results to the employer under such a state of facts is to distort the meaning of the statutory phrase used.”
We conclude that the evidence in this record is insufficient as a matter of law to sustain the Commission’s finding of “no prejudice” to the employer.
The judgment is reversed with directions to the district court to remand the case to the Commission with instructions to dismiss the claim.
Mr. Chief Justice Moore, Mr. Justice Hodges and Mr. Justice Kelley concur.