No. 24176.

INDUSTRIAL COMMISSION OF COLORADO, CITY OF FORT COLLINS, COLORADO AND STATE COMPENSATION INSURANCE FUND v. JAMES WILLIAM NYE.

(468 P.2d 28)

Decided April 13, 1970.

434

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, PETER L. DYE, Assistant, for plaintiff in error Industrial Commission of Colorado.

FRED B. DUDLEY, for plaintiffs in error City of Fort Collins, Colorado and State Compensation Insurance Fund.

KENNETH H. GROSS, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE HODGES.

THIS is a workmen's compensation case. James William Nye, the claimant, filed his claim for compensation with the Industrial Commission more than two years after an industrial accident, but within two years of the time he first learned of the nature and extent of his injury. The Commission ruled that it was without jurisdiction because the claim was barred by C.R.S. 1963, 81-13-5(2). The claimant sought reversal of the Commission's action in the trial court, which reversed the Commission and found that the rule of *City of Boulder v. Payne,* 162 Colo. 345, 426 P.2d 194, applied and that the Commission therefore did have jurisdiction to hear this claim. We affirm this part of the trial court's judgment. However, we reverse that part of the trial court's judg-

ment which directs the Commission to make an award to the claimant as specified by the trial court's findings. Under the facts here, it is the Commission's function and not the trial court's function to make the award based upon proper findings by the Commission.

When the Commission refused to consider the claim for lack of jurisdiction, it necessarily closed the door on any consideration of the merits of the claim. It therefore made no findings as to medical expenses or temporary and permanent partial disability resulting from the 1959 accident. The fact finding function in support of any award of compensation is for the Commission and not the reviewing court.

Judgment affirmed in part and reversed in part and this cause remanded to the trial court to proceed in accordance with the views herein expressed.

Mr. Justice Day, Mr. Justice Kelley and Mr. Justice Groves concur.