Opinion by
Mr. Justice Groves.
This matter is here on writ of error following affirmance by the district court of an award of workmen’s compensation made in favor of the claimant by the Industrial Commission. The plaintiffs in error are referred to as the respondents. We affirm.
In stating the facts, we paraphrase in large part the findings of the Industrial Commission. On August 16, 1967, while in the course of employment, the claimant’s left testicle was struck by the end of a pipe. He did not leave work nor receive medical attention for the injury at the time. Although he suffered pain then, he felt that it would subside and in large measure it did. He continued to work until he experienced a swelling of the testicle, which interfered with his work. On March 1, 1968, he sought medical care and for the first time reported the condition to his employer. He worked through March 19, 1968, underwent surgery for a hydrocele the following day and was able to return to work on April 8, 1968. The Commission found that the hydrocele resulted from the accident.
The respondents contend: (1) there should be no liability for compensation as the. claimant did not “notify *23 his employer of said injury within two days of its occurrence” as required by C.R.S. 1963, 81-6-2; and (2) that the claimant is not entitled to payment of surgical and hospital expense by reason of 1967 Perm. Supp., C.R.S. 1963, 81-10-1(1) (a) which provides for the payment of such costs “during the disability but not exceeding six months from the date of the accident ...”
The following finding and ruling was made by the Commission:
“That the motion for the penalty for late reporting should be denied for the reason that the facts show that the claimant reported an injury to the employer as soon as he was aware that he had a compensable injury and would suffer disablement and require medical care because of it. The Referee finds that there is no duty under the Compensation Act to report accidents.”
The respondents argue that under the facts the injury occurred on August 16, 1967; that City of Boulder v. Payne, 162 Colo. 345, 426 P.2d 194 (1967), is not applicable; and that the claimant was under a duty to give notice to his employer within two days from that date. On the contrary we believe that Payne is applicable. It held that an injury takes place when the claimant, as a reasonable man, should recognize the nature, seriousness, and probable compensable character of his injury. It further states that “injury” means “compensable injury.”
Under the Commission’s findings, which are adequately supported by the evidence, the claimant immediately notified his employer upon discovery of the injury under the Payne rule, and time then began to run.
Payne distinguished between “accident” and “injury,” stating that, “Accident is the cause and injury is the effect.” The statute also distinguishes the terms. 1965 Perm. Supp., C.R.S. 1963, 81-2-9. The respondents argue that, since the statute as to surgical and hospital expenses places a six-month limitation from the time of the accident, the General Assembly has plainly said that there can be no recovery for these expenses here. We are *24 inclined to agree with the statement of the respondents, that, if we held that the words “accident” and “injury” were interchangeable, we would in material part overrule Payne, albeit sub silentio.
It is nearly absurd, and a defeat of the purpose of the act, to interpret it so that a person who reasonably discovers his injury long after the accident and is entitled to compensation, is not entitled to his medical expenses. In Breternitz v. City of Arvada, 174 Colo. 56, 482 P.2d 955 (1971), the majority opinion held that, in using the words “except that” in an annexation statute, the General Assembly created an absurd situation and that, while the meaning of the term is clear, it should be disregarded in order to give meaning to the language of the entire statute. A quotation from Tobin v. Weed, 158 Colo. 430, 407 P.2d 350 (1965) was given: “In construing a statute it is our duty to give consistent, harmonious and sensible effect to all its parts.” While the opinion did not expressly so state, its effect was to consider the term “except that” as “in lieu of.”
In the instant matter there is as much reason to construe the word “accident” used in C.R.S. 1963, 81-10-1 (1) (a) as meaning “injury” as there was to make the construction in Breternitz. Under the philosophy of the majority opinion in Breternitz, we can hold that, despite the definitions of “accident” and “injury” in other parts of the statute and in Payne, the only meaningful interpretation of section 1(1) (a) is to have the six months commence at the time the claimant as a reasonable person discovers that he has been injured, as set forth in Payne.
We hold that the effect of the word “accident” in section 1(1) (a) is the same as if the General Assembly had used the word “injury.” The legislative history of the workmen’s compensation statutes supports this result. The word “accident” was used by the General Assembly in 1919 when enacting the predecessor to section 1(1) (a). This was long before any statutory definitions, *25 which clearly distinguished between “accident” and “injury,” were inserted in 1963, and long before this court clearly acknowledged that distinction in Payne. From this it can be concluded that oversight alone was responsible for the retention of the word “accident” in section 1(1) (a), and that the General Assembly intended that the statutes be construed harmoniously.
Judgment affirmed.
Mr. Chief Justice Pringle, Mr. Justice Hodges and Mr. Justice Lee concur.