Mary A. RICKS, Petitioner,

v.

The **INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO, Department of Labor and Employment, U.S. Olympic Committee, and Colorado Compensation Insurance Authority, Respondents.**

No. 90CA0915.

Colorado Court of Appeals, Div. II.

March 14, 1991.

Cynthia M. Pring, Colorado Springs, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Michael P. Serruto, Asst. Atty. Gen., Denver, for respondents Industrial Claim Appeals Office and Dept. of Labor and Employment.

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.* art. VI, § 5(3), and

§ 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

Colorado Compensation Ins. Authority, Paul Tochtrop, Denver, for respondents Colorado Compensation Ins. Authority and U.S. Olympic Committee.

Opinion by Judge RULAND.

Mary A. Ricks (claimant) seeks review of a final order of the Industrial Claim Appeals Office denying her claim for workers' compensation benefits on the ground that her disability is conclusively presumed not to be due to her injury pursuant to the statutory provision now codified at § 8-41-206, C.R.S. (1990 Cum.Supp.). We reverse and remand for further proceedings.

Claimant, a cook's helper, injured her shoulder and back in 1982 during a work-related incident. The U.S. Olympic Committee (employer) modified claimant's duties by requiring assistance from others whenever it was necessary for claimant to lift heavy objects. The employer also paid her bills for medical treatment, but the employer did not notify the Division of Labor of the injury. Claimant continued to perform her duties in a restricted capacity and missed no work on account of her injury until after she underwent surgery in 1988, at which time her condition worsened and she filed a claim for workers' compensation benefits.

The Administrative Law Judge (ALJ) found that, inasmuch as the employer had knowledge of the permanent nature of the claimant's injury, the three-year statute of limitations set forth in § 8-52-105(2), C.R.S. (1986 Repl.Vol. 3B) (now codified with changes at § 8-43-103(2), C.R.S. (1990 Cum.Supp.)) was tolled until claimant began losing time from work in 1988. Accordingly, the ALJ addressed the substance of the claim and awarded claimant temporary total disability benefits, in addition to other benefits.

The Panel reversed the ALJ's order. The Panel concluded that claimant's disability, or inability to work, did not begin until 1988, more than five years after the injury and that, therefore, there was a conclusive presumption under the statute that her dis-ability did not result from her industrial injury.

Claimant contends, among other things, that the Panel erred in defining disability under § 8-41-206. We agree.

■ Section 8-41-206 provides that, except in instances not pertinent here: "Any disability beginning more than five years after the date of injury shall be conclusively presumed not to be due to the injury." This statute is a rule of evidence which mandates that the ALJ find no causal connection between an injury and disability when the disability begins more than five years after the injury. *See Boulder v. Payne*, 162 Colo. 345, 426 P.2d 194 (1967).

■ Relying upon *Boulder v. Payne, supra*, and *United States Fidelity & Guaranty Co. v. Industrial Commission*, 97 Colo. 102, 46 P.2d 752 (1935), the Panel concluded that a disability under the statute is deemed to commence only when the injured worker is unable to work. We conclude that the definition is not so limited.

In the *United States Fidelity & Guaranty Co.* situation, the injured worker did in fact miss some work as the result of an injury, but he returned to work within 30 days after the accident. Some years later he was seriously injured again in an industrial accident. The supreme court concluded that an award of permanent disability by the Industrial Commission for the first injury could not be sustained because:

"To be compensable, disability must rest upon the actual impairment of claimant as a working unit. Such impairment is not to be found during the period intervening between the two accidents."

■ In *Boulder v. Payne, supra*, the industrial accident forced the claimant to miss five days of work, but he was able to return and continued to work for over five years. Surgery then disclosed the full extent of his prior injury and his resultant disability. In rejecting application of the predecessor to the statute at issue here, the supreme court held that the disability commenced as of the date the claimant first missed work. However, we do not read the opinion as limiting the definition

of disability to those circumstances. Instead, we conclude that the commencement of disability for purposes of § 8–42–106, C.R.S. (1990 Cum.Supp.) may also be established by evidence which demonstrates, as here, that a claimant is able to return to work following the accident only in a restricted capacity.

In reaching this conclusion, we rely upon the rule of statutory construction which presumes that the General Assembly intended to accomplish a just and reasonable result in adopting a statute. Section 2–4–201(1)(c), C.R.S. (1980 Repl.Vol. 1B). If the concept of disability urged by the employer is correct, application of the statute could produce absurd results.

First, the interpretation of disability urged by the employer would create two definitions in the Workers' Compensation Act for the same term. One definition would apply under § 8–42–106 and would depend on whether the claimant actually was required to miss work because of his injury. The other definition would apply in awarding benefits and would include consideration of whether, as here, the claimant was unable to work as effectively or efficiently as a result of the injury. *See Vail Associates, Inc. v. West*, 692 P.2d 1111 (Colo.1984).

Second, there are many industrial accidents which result in injuries, the ultimate effects of which are not discovered until long after the event. *See Crest Fence Co. v. Cec*, 175 Colo. 21, 485 P.2d 709 (1971); *Denver v. Moore*, 31 Colo.App. 310, 504 P.2d 367 (1972). In such a case, as here, if the worker resumes employment immediately, albeit in a different and restricted capacity to allow physical recovery, receipt of benefits is foreclosed if the full extent of the injury is undiagnosed until five years later. Thus, the worker would be penalized for immediately returning to the work force and resuming productivity. *See Vail Associates, Inc. v. West, supra.*

This result would be contrary to one of the policies underlying the Act which is to encourage re-employment of the worker as soon as possible. *See Boice v. Industrial Claims Appeal Office*, 800 P.2d 1339 (Colo.

App.1990). Further, this policy could be frustrated if an injured claimant missed work unnecessarily and solely for the purpose of avoiding the impact of the evidentiary rule set forth in § 8–42–106.

The order is set aside, and the cause is remanded to the Panel for consideration of respondents' other contentions relative to the ALJ's order.

SMITH and JONES, JJ., concur.