2014 CO 5

**HARMAN–BERGSTEDT, INC., d/b/a Kentucky Fried Chicken and Zurich American Insurance Company, Petitioners**

**v.**

**Elaine LOOFBOURROW and Industrial Claim Appeals Office, Respondents.**

Supreme Court Case No. 11SC926

Supreme Court of Colorado.

January 27, 2014

Attorneys for Petitioners: Thomas Pollart & Miller LLC, Margaret Keck, Greenwood Village, Colorado

Attorneys for Respondent Elaine Loofbourrow: Law Office of O'Toole & Sbarbaro, P.C., John A. Sbarbaro, Denver, Colorado

JUSTICE COATS delivered the Opinion of the Court.

¶ 1 Harman–Bergstedt and its insurer sought review of the judgment of the court of appeals reversing an Industrial Claim Appeals Office decision, which had disallowed Loofbourrow's award of temporary disability benefits. The ICAO panel had reasoned that once Loofbourrow's treating physician placed her at maximum medical improvement, notwithstanding the failure of her injury to result in any work loss at all, temporary total disability benefits could not be awarded for the injury for which she had been initially

treated in the absence of a division-sponsored independent medical examination challenging that placement. By contrast, the court of appeals concluded that under the unique circumstances of this case, including especially the fact that Loofbourrow had never yet been awarded temporary disability benefits and the fact that her employer had never filed a final admission of liability from which the statutory window for seeking a division-sponsored independent medical examination could be measured, such an independent medical exam was not a prerequisite to an award of temporary total disability benefits.

¶ 2 Because a determination of maximum medical improvement has no statutory significance with regard to injuries resulting in the loss of no more than three days or shifts of work time, Loofbourrow's award of temporary total disability benefits was not barred by her failure to first seek a division-sponsored independent medical examination. The judgment of the court of appeals is therefore affirmed.

## I.

¶ 3 On October 2, 2009, Elaine Loofbourrow filed an application for a hearing, seeking, among other things, temporary total disability benefits for work time lost as the result of a worsening back injury she initially sustained in November of the previous year. Although she couched her application in terms of reopening a previous award, by the time of the hearing she made clear that she considered reopening unnecessary, and the presiding Administrative Law Judge simply considered the matter as a "full contest" in an open claim. Following the hearing, the ALJ made findings and conclusions.

¶ 4 From those findings and the undisputed portions of the record, it appears that in November 2008, Loofbourrow sustained an injury to her lower back while lifting and cooking chicken at the Kentucky Fried Chicken restaurant where she worked. She reported the injury to her employer, Harman–Bergstedt and, by extension, its insurer, Zurich American Insurance Company, and she sought medical treatment. Her employer referred her to an authorized treating physician, and between November 12 and December 9, 2008, she received medical treatment. Although she labored under some work restrictions during that time, her employer was able to accommodate those restrictions without wage loss and therefore did not report the injury to the division of workers' compensation or admit or deny liability. At the conclusion of this period, the treating physician reported Loofbourrow as having reached "maximum medical improvement" in documentation required by division regulation in conjunction with his bill.

¶ 5 Around the same time her treatment ended, Loofbourrow was demoted from manager to relief manager, apparently due to her store's poor performance and, as a result, experienced a decrease in pay.

¶ 6 Several months later, Loofbourrow again experienced back pain and on August 24, 2009, sought treatment from her private physician. When her private physician recommended various work restrictions that her employer was unable to accommodate, she sought temporary disability and other workers' compensation benefits. As relevant here, the presiding ALJ found Loofbourrow's injury to be compensable and awarded her temporary total disability benefits from August 24, 2009, the date on which she was first restricted from work. The ALJ concluded that she suffered a worsening of her low back condition as a natural progression of her November 8, 2008 injury and ordered temporary benefits based on an average weekly wage reflecting her salary at the time of the initial accident. Although her employer asserted as a bar to temporary disability benefits the authorized treating physician's placement of Loofbourrow at maximum medical improvement in his December 9 billing documents, the ALJ did not address that assertion in his findings and conclusions.

¶ 7 Loofbourrow's employer petitioned for review of the ALJ's decision to the Industrial Claim Appeals Office. Although the ICAO panel affirmed the ALJ's order in most respects, it set aside that portion of the order awarding temporary total disability benefits. The panel concluded that because temporary disability benefits must, by statute, cease when a claimant reaches maximum medical

improvement and "may not be paid so long as the claimant continues at MMI," temporary benefits could not be awarded in this case for any period after December 9, 2008, in the absence of a division-sponsored independent medical examination demonstrating otherwise. *Loofbourrow v. Harman–Bergstedt, Inc.,* W.C. No 4–804–458 (ICAO Oct. 7, 2010). In addition, the panel noted that the claimant's case did not appear to be one involving reopening as contemplated by the statutory scheme, referring expressly to the facts that the case was not even found to be compensable until the entry of the ALJ's order; that no admission of liability had ever been filed; and that the presiding ALJ failed to address reopening in his statement of issues.

¶ 8 On appeal pursuant to C.A.R. 3.1, the court of appeals set aside the panel's order and remanded the case with directions to reinstate the ALJ's award of temporary total benefits. Partially in reliance upon the unique circumstances of the case, the court of appeals concluded that the ICAO panel erred in finding that Loofbourrow was not entitled to temporary benefits because she failed to challenge, by means of a division-sponsored independent medical examination, the finding of maximum medical improvement made by her original treating physician. In support of its conclusion, the intermediate appellate court conceded that an authorized treating physician's determination would typically be binding in the absence of a challenge according to the statutory procedures for an independent medical examination and that temporary benefits must terminate once maximum medical improvement is reached. It concluded, however, that in this case, where Loofbourrow was alleging a worsening condition as distinguished from contesting the finding of maximum medical improvement; where she had not been given a chance to request an independent medical examination; and where substantial evidence supported the ALJ's determination that she had proven a worsening of her original condition, the statute requiring temporary benefits to cease upon reaching maximum medical improvement was inapplicable, and the statutory scheme did not preclude the assertion of a post-MMI worsening of condition in an open claim.

¶ 9 Loofbourrow's employer, Harman–Bergstedt, and its insurer petitioned for a writ of certiorari.

## II.

¶ 10 The Workers' Compensation Act provides for both immediate medical treatment, *see* § 8–42–101, C.R.S. (2013), and disability indemnity compensation, *see* § 8–42–103, C.R.S. (2013), for workers who experience injuries arising out of their employment. Not all work-related injuries for which treatment must be provided, however, entitle the injured worker to disability benefits. In particular, if an injury for which treatment must be provided results in no more than three days or shifts of lost work time, only treatment, and not disability indemnity compensation, is statutorily provided for. § 8–42–103(1)(a), C.R.S. (2013).

¶ 11 When it comes to receiving these benefits, although the applicable statute of limitations does not bar an injured employee from initiating a claim for at least two years after his injury, § 8–43–103(2), C.R.S. (2013), the Workers' Compensation Act is actually designed to provide for disability benefits in many cases without forcing the employee to initiate a claim for compensation. The statutory scheme mandates that a worker notify his employer of an injury from accident within four days of the occurrence of the injury. § 8–43–102(1)(a), C.R.S. (2013). Giving notice, however, is not the same thing as filing a claim for disability benefits. *Compare id., with* § 8–43–103(2); *see also Postlewait v. Midwest Barricade,* 905 P.2d 21, 24 (Colo. App.1995). In contrast to injuries resulting in no more than three days' loss of work time, with respect to which an employer is merely obliged to notify its insurer, which is in turn merely obliged to report the accident to the division in monthly summary form, § 8–43–101(2), C.R.S. (2013),[1] with respect to

1. The statute provides in pertinent part:

[I]njuries to employees that result in no more than three days' or three shifts' loss of time

injuries causing more than three days' loss of work time—injuries for which disability compensation benefits are payable, *see* § 8–43–103(1)—the employer must submit a report to the division within ten days of the injury, § 8–43–101(1), C.R.S. (2013).

¶ 12 In addition to this statutorily required report, the employer is also required to notify the division within 20 days after the report is or should have been filed with the division whether liability is admitted or contested. § 8–43–203(1)(a), C.R.S. (2013). If liability is admitted, the benefits are to be paid immediately. § 8–43–203(2)(b)(I), C.R.S. (2013). If a final admission of liability is not contested within 30 days, the case is automatically closed and may be reopened only according to the requirements of section 8–43–303, C.R.S. (2013).[2] *See* §§ 8–43–203(2)(b)(II)(A), (2)(d). If the admission of liability is contested by an injured worker who feels entitled to more compensation, the statutory scheme provides for the matter to be heard and for a division-sponsored independent medical examination if necessary,[3] § 8–43–203(2)(b)(II)(A), and if liability is denied altogether rather than being admitted by the employer, the scheme provides for, but does not require, an expedited hearing at the request of the claimant, § 8–43–203(1)(a).

¶ 13 For those injuries resulting in sufficient loss of work time for disability compensation and benefits to be payable, the Act makes provision for both temporary disability compensation for lost work time, *see* § 8–42–105, C.R.S. (2013) (Temporary Total Disability); § 8–42–106, C.R.S. (2013) (Tempo-

rary Partial Disability), and for permanent disability benefits once the extent of medical impairment can be determined, *see* § 8–42–107, C.R.S. (2013) (Permanent Partial Disability). "Maximum medical improvement" is a concept statutorily designed to identify a point in time beyond which further treatment is unlikely to improve the injured employee's condition. *See* § 8–40–201(11.5), C.R.S. (2013). A determination of maximum medical improvement is statutorily called for only in section 8–42–107(8), as the initial step in a procedure assessing whether permanent medical impairment has resulted from the injury; if so, the extent of that permanent medical impairment; and ultimately, the amount of permanent disability benefit to which the injured employee will be entitled. § 8–42–107(8).[4] "Maximum medical improvement" therefore has statutory significance only in a determination of the amount, if any, of a permanent disability benefit and in marking the point in time at which temporary disability benefits terminate and permanent disability benefits begin. *See* § 8–42–105(3)(a), C.R.S. (2013) ("Temporary total disability benefits shall continue until . . . [t]he employee reaches maximum medical improvement."); § 8–42–106(2)(a), C.R.S. (2013) ("Temporary partial disability payments shall continue until . . . [t]he employee reaches maximum medical improvement."); § 8–42–107(3), C.R.S. (2013) ("Temporary disability terminates as to injuries coming under any provision of this section upon the occurrence of any of the events enumerated in section 8–42–105(3).").

from work . . . shall be reported by the employer only to the insurer of said employer's workers' compensation insurance liability, which injuries and exposure the insurer shall report only by monthly summary form to or as otherwise requested by the division.

2. Section 8–43–303, C.R.S. (2013), allows an administrative law judge to review and reopen any award, with some exceptions, "on the ground of fraud, an overpayment, an error, a mistake, or a change in condition" within a certain number of years from the date of injury or the last payment of benefits.

3. With specified exceptions, a division-sponsored independent medical examination is statutorily required before a hearing can be held on an

employee's contest of a final admission of liability regarding certain findings of the treating physician relevant to the amount of compensation due, such as whether the claimant has reached maximum medical improvement and the degree of permanent impairment within the meaning of section 8–42–107, C.R.S. (2013). *See* §§ 8–42–107(8)(b)(II), (8)(c); § 8–42–107.2(1), C.R.S. (2013).

4. Section 8–42–107(8) is entitled "Medical impairment benefits—determination of MMI for scheduled and nonscheduled injuries" and provides in pertinent part: "An authorized treating physician shall make a determination as to when the injured employee reaches maximum medical improvement as defined in section 8–40–201(11.5)." § 8–42–107(8)(b)(I), C.R.S. (2013).

¶ 14 "Maximum medical improvement," as a statutory term of art, therefore has no applicability or significance for injuries insufficiently serious to entail disability indemnity compensation in the first place. *See* § 8–42–107(8)(b)(I). While the concept is defined in terms of the ineffectiveness of further medical treatment and may therefore be useful in assessing the extent to which an employer is obligated to continue furnishing medical services to an injured employee, as a statutory term of art with consequences for contesting a final admission of liability, reopening a closed claim, or, as in this case, filing a new claim for an injury that has become compensable for the first time, it can logically have applicability only for injuries for which disability indemnity is payable. Whether or not an employer continues to furnish medical treatment for a worker whose injury can be accommodated without the loss of work time in excess of three days—and whether or not the division finds it useful for billing and recording purposes to "close" cases based on a determination that no further treatment is likely to improve the employee's condition, without regard to whether the injury was ever compensable, *see, e.g.,* 7 Colo.Code Regs. 1101–3:16, Rule 16–7(E)—the statutory consequences of a finding of "maximum medical improvement" can apply only to injuries as to which disability indemnity is payable.

## III.

¶ 15 The sole issue before this court is whether Loofbourrow could be entitled to an award of temporary disability benefits without having challenged, by means of a division-sponsored independent medical examination, the initial treating physician's assessment that she had reached maximum medical improvement. The intermediate appellate court found that, under the unique circumstances of this case, including particularly her claim of a worsening condition and the absence of a final admission of liability by her employer or earlier payment of temporary disability benefits, she could receive such an award. Excepting only that the circumstances of this case do not appear to us so unique, our analysis of the statutory scheme leads us to the same conclusion.

¶ 16 Loofbourrow's award of temporary total disability benefits was not barred by either the initial treating physician's placement of her at maximum medical improvement prior to her filing any claim for such benefits, or by her failure to challenge that placement by first obtaining a division-sponsored independent medical examination, for the reason that her injury did not become compensable until her condition worsened and she was forced to lose in excess of three days of work time. *See* § 8–42–103(1)(a). No matter how it was characterized in his billing report to the division, the authorized treating physician's determination in December 2008 that further treatment was unlikely to improve Loofbourrow's condition could not amount to a finding of "maximum medical improvement," with its concomitant statutory consequences, because at that point, Loofbourrow had not yet suffered a compensable injury, and therefore no claim for disability indemnity benefits had been initiated by her or by her employer. As will ever be the case with a worsening injury that initially required treatment but did not result in excess of three days' lost work time, no award of temporary disability benefits or admission of final liability was possible and no claim that could be subject to reopening was ever opened or closed.

¶ 17 Whether the date of injury, and therefore the applicable wage for purposes of temporary disability benefits, should be measured from an original, treated but noncompensable injury or only from the point at which the injury becomes compensable through worsening, *cf. City of Boulder v. Payne,* 162 Colo. 345, 347, 426 P.2d 194, 195 (1967) (where injured fireman was treated but immediately returned to work and only much later became disabled from the initial injury, statute of limitations for claim for compensation implicitly ran only from the point the injury became a "compensable" injury through loss of work time), is not a matter before us on this petition. It is sufficient for resolution of the issue briefed and pending before us that Loofbourrow's award of temporary total disability benefits was not barred by her failure to challenge the initial treating physician's assessment that she had reached maximum medical improvement.

## IV.

¶ 18 Because a determination of maximum medical improvement has no statutory significance with regard to injuries resulting in the loss of no more than three days or shifts of work time, Loofbourrow's award of temporary total disability benefits was not barred by her failure to first seek a division-sponsored independent medical examination. The judgment of the court of appeals is therefore affirmed.