No. 17,353.

COLORADO FUEL AND IRON CORPORATION *v.* INDUSTRIAL COMMISSION ET AL.

(269 P. [2d] 696)

Decided April 12, 1954.

Mr. CHARLES H. GROVES, Messrs. TIPPIT, HASKELL & WELBORN, Mr. ELMER P. COGBURN, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK A. WACHOB, Deputy, Mr. PETER L. DYE, Assistant, for defendant in error Industrial Commission.

Mr. ARTHUR CASSIDY, for defendants in error Walter, Jerome and Sally Rose Drain.

Messrs. GRAHAM & SCHÉUNEMANN, for defendant in error Phyllis S. Drain.

*En Banc.*

MR. CHIEF JUSTICE STONE delivered the opinion of the court.

VERNON W. DRAIN sustained a burn of his foot on February 24, 1951, in the course of his employment in the plant of the plaintiff in error at Pueblo, as a result of which his foot was very tender and swollen and required daily treatment and dressing, which was given by his employer's physicians. He continued to work until March 4, when he went to see his own physician, who had him immediately sent to the hospital with a diagnosis of pneumonia. He died there on March 12 and an autopsy disclosed the cause of death to have been a pulmonary embolus occluding both pulmonary arteries. The autopsy was not extended to the site of the burn and did not establish the cause of the embolism. No effort was made to find it except within a limitation of the body's cavity. Dr. Norman, the orthopedic surgeon who testified as an

expert witness, stated that it would have to be assumed that the burns would be a causative factor of the thrombus and that it was his opinion that the burns were the cause of the thrombus. Sometime previously, decedent had been treated for phlebitis and the witness stated that in his opinion the chances were that if decedent hadn't had phlebitis and this burn had occurred he would not have had the difficulty, and that phlebitis alone could cause emboli.

Decedent left surviving a widow, and three minor children born of a prior marriage who were living with their mother. Claim was filed on May 12, 1952, by the widow in behalf of herself and the three minor children.

After filing of the claim by the widow in behalf of herself and the children, the employer filed its written denial of liability upon the ground that claimant did not sustain an accident or injury arising out of and in the course of his employment, and that the injury was not the proximate result of an accident, and only during the hearing and after claimant had rested did it interpose a motion to dismiss based upon want of reasonable excuse for the delay in filing the claim.

After the taking of evidence, the referee found that the decedent died as a result of the accidental burn, that a reasonable excuse existed for failure to file the claim within one year and that the employer's rights had not been prejudiced by the delay. The Commission affirmed the findings of the Referee and, upon action brought in the district court to review and vacate such findings, they were affirmed by the court.

In seeking review here, plaintiff in error first contends that the claim was barred by the one-year statute of limitations and argues that the finding of the Referee, which was affirmed by the Commission, was not a sufficient finding of reasonable excuse for delay or lack of prejudice to the employer, in that it did not make a finding of the facts but only of the conclusions therefrom, and therefore was insufficient under *United States F. & G. Co. v. Indus-*

*trial Commission,* 128 Colo. 68, 259 P. (2d) 869. The finding of the Referee was as follows: "Respondents interpose the statute of limitations as claim was not filed within one year from the date of death. However, the Referee finds that a reasonable excuse exists for the failure, particularly with regard to the minor children, that the defense is not severable and that the employer's rights have not been prejudiced thereby. Accordingly, respondent's motion to dismiss under Section 84 W.C.A. 363 Ch. 97, C.S.A. is over-ruled."

We need not determine whether a factual finding is necessary in case of disputed evidence on the issue of reasonable excuse and prejudice, under the rule declared in the case relied on, because here, as admitted by plaintiff in error, there was no conflict in the evidence, a finding thereon was unnecessary, and the proper legal conclusion therefrom may be determined by us. Therefore, the factual finding of the Commission was sufficient. *Pacific Employers Insurance Co. v. Industrial Commission,* 127 Colo. 400, 257 P. (2d) 404.

The statute, section 1, chapter 238, S.L. '41, provides that the limitation shall not apply to claimant "where it is established to the satisfaction of the commission within two years after the injury or death that a reasonable excuse exists for the failure to file such notice claiming compensation, and the employer's rights have not been prejudiced thereby." Here, it was so established to the satisfaction of the Commission. The undisputed testimony of the widow as to the reason for not filing within the year was: "A. Well, when I went up to the mill to get my insurance for the group policy, it was within a week, I believe, I asked the man at the window when they gave me the group insurance if they didn't have state insurance and he told me no, so I supposed they didn't have it, and about a year later I was talking to this friend and he said, 'Of course they carry it,' so I wrote to the State Compensation Board and asked them if they had a death claim and they said yes, and I wrote again and asked for the

forms. Q. Will you tell us what was said at the mill? What was the reply? A. He said no, they were self-insurers and I supposed that is what this group insurance policy was. I supposed that was all they had. He just said when I asked him, he says, 'No, this is all the insurance we carry, We're self-insured.' "

■ As to the delay in filing in behalf of the minor children, their mother, with whom they resided in Denver, testified that she heard of Vernon's death from his mother and his wife, both of whom told her that he had died of a blood clot, but that she did not know where the blood clot was or that it was the result of an accident. The wife's question could not well be understood as referring to anything except Workmen's Compensation. Her good faith in making inquiry of the employer is evident. We think the answer given her at the employer's social insurance department was misleading and that an ordinarily prudent person might well have misunderstood the reference therein to self-insurance. As to the rights of the minors, we think the ignorance by them and by their mother and natural guardian of the fact that death arose from accident, in view of the circumstances, might well be considered a reasonable excuse for the delay. The finding of the Commission that reasonable excuse existed for the delay was not arbitrary or an abuse of discretion.

■ It is further urged that there must be shown not only excuse for delay, but lack of prejudice to the employer by reason of such delay, and that the burden of proof of lack of prejudice is on plaintiff. We think the burden of proof of such a negative is not on claimant. Nowhere in the record is there any showing of prejudice and it is not to be presumed from mere delay in filing the claim. Prejudice must be actual and must be shown to be actual. *Buckner v. Quick Seal, Inc.,* 233 Mo. App. 273, 118 S.W. (2d) 100. The Commission was not arbitrary in its determination that employer's rights had not been prejudiced thereby.

■ Finally, it is urged that the findings and award are

based upon showing of only a mere possibility that the accident caused the death. The record does not support that contention. Dr. Costley, employer's physician witness who performed the autopsy, testified that he made no attempt to determine the cause of the embolism other than in the body cavity and that his examination did not show it and he did not know the source. Dr. Barwick, employer's other physician witness, was not interrogated as to cause of the accident. Dr. Norman, who testified for claimant, positively testified that it would have to be assumed that the burns would be a causative factor of the thrombus from which Drain died, and that it was his opinion that the burns were the cause of the thrombus which resulted in death. No evidence was tendered to dispute that testimony and it was sufficient to justify the findings of the Commission.

The judgment is affirmed.