No. 23704.

ROBERT A. PETERSON *v.* WANDELL-LOWE TRANSFER AND STORAGE, HOME INDEMNITY COMPANY AND THE INDUSTRIAL COMMISSION OF COLORADO.

(450 P.2d 660)

Decided February 24, 1969.

Daniel B. Mohler, for plaintiff in error.

Burnett, Watson & Horan, Peter Watson, for defendants in error Wandell-Lowe Transfer and Storage and Home Indemnity Company.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Peter L. Dye, Assistant, for defendant in error The Industrial Commission of Colorado.

*In Department.*

Opinion by Mr. Chief Justice McWilliams.

This is a workmen's compensation case and concerns the provision appearing in C.R.S. 1963, 81-13-5(2) which provides that all claims for compensation *shall* be filed with the Industrial Commission "within one year after the injury." The Commission denied Peterson's claim for compensation benefits on the ground that it was "barred" by the statute above referred to. The trial court upon review of the matter approved the award of the Commission and entered judgment to that effect. By writ of error Peterson, the employee, now seeks reversal of the judgment thus entered.

At the outset it should be noted that C.R.S. 1963, 81-13-5(2) also provides that the aforementioned one year limitation on the filing of compensation claims does *not* apply "when it is established to the satisfaction of the Commission within two years after the injury or death that a reasonable excuse exists for the failure

to file such notice claiming compensation, and the employer's rights have not been prejudiced thereby. . . ." However, Peterson, the claimant, is not here contending that he has a right to assert his claim under the two year provision of the aforementioned statute. Hence, we are not here concerned with what constitutes a "reasonable excuse" or whether the employer's rights in the instant case have, or have not, been prejudiced by the delay in filing the claim for compensation benefits.

Rather, it is Peterson's basic position that the applicable provision of C.R.S. 1963, 81-13-5 (2) only requires that a claim be filed within one year after the *injury,* and that he did in fact file his claim within one year from the date of his "injury," as opposed to the date of his "accident." In this regard it is Peterson's theory of the case that though the industrial "accident" suffered by him occurred on October 4, 1966, when he slipped and fell to the floor, still his "injury" did not occur until over a year later. Peterson claims that though on October 4, 1966 and in the days immediately following he did experience some pain in his left knee as a result of the fall, still he did not lose any time from work as a result of the fall nor did he require any medical attention, and that under all of the circumstances he did not sustain any "injury" on October 4, 1966, as that word is defined in *City of Boulder v. Payne,* 162 Colo. 345, 426 P. 2d 194. The resulting "injury," as opposed to the "accident," did not occur, says Peterson, till November 30, 1967, at which time he experienced such severe pain in his left knee as to cause him to leave his job and seek for the first time medical attention for the left knee. Immediately therafter he was required to undergo surgery for a "non-union and mal-position of a fracture of the left patella."

Peterson's claim for compensation was then filed on January 4, 1968. Hence, if the date of Peterson's injury was on or about November 30, 1967, his claim was filed

well within the one year period provided for by C.R.S. 1963, 81-13-5(2). However, if the injury occurred on the date of the accident, namely, October 4, 1966, then the claim was not filed within the one year period provided in C.R.S. 1963, 81-13-5(2) and under the circumstances would be barred.

As might be surmised, it is the position of the employer that both the accident *and* the injury occurred on October 4, 1966 and that accordingly Peterson's claim was not timely filed.

Under such circumstances the finding of the Commission as to the precise date Peterson suffered his injury is obviously of paramount importance. Careful review of the record made before the Commission convinces us, however, that the Commission never did make a clear cut finding one way or the other on this critical issue. Let us examine the record in this regard.

The Commission, as is frequently the case, simply "approved, affirmed and adopted" as its order the order theretofore made by the referee. Hence, reference must now be made to the order as entered by the referee.

The referee made certain findings of fact, none of which determined the date of Peterson's *injury*, though the referee did indicate that Peterson suffered "no disablement" as a result of the fall of October 4, 1966 "until the end of 1967 when he went to work for a different employer where the work was more demanding physically." Be that as it may, the referee ultimately concluded by simply declaring that "the motion for dismissal on the ground that the claimant has failed to file a claim within a year and the respondent employer was prejudiced thereby is well taken. . . ."

Suffice it to say, then, we find nothing in the referee's order which we deem to be an express determination as to just when Peterson's injury occurred. Under such circumstances, we do not believe it to be proper or fair, either to the employer or the employee,

for us to hazard a guess as to what the Commission's determination was on this pivotal issue.

In this general regard, reference should of course be made to *City of Boulder v. Payne, supra*. In that case we noted that the applicable statute provides that the one year period, during which compensation claims are to be filed, begins to run from the date of the injury, and we observed that the date of the injury may or may not be the date of the accident. In connection therewith we then went on to declare as follows:

"We hold that the time begins to run for filing 'a notice claiming compensation' when claimant, as a reasonable man should recognize the nature, seriousness and possible compensable character of his injury."

In determining the date of injury, the Commission under *Payne* should make a finding as to when Peterson as a reasonable man should have recognized "the nature, seriousness and possible compensable character of his injury."

The judgment of the trial court is reversed and the cause remanded with direction that the trial court remand the matter to the Commission with the direction that the Commission vacate its award dismissing Peterson's claim and that the claim thereafter be reinstated with further proceedings consonant with the views herein expressed.

MR. JUSTICE PRINGLE, MR. JUSTICE HODGES and MR. JUSTICE LEE concur.