513 P.2d 1088 (1973)
Bobby W. RICHMOND, Petitioner,
v.
INDUSTRIAL COMMISSION of the State of Colorado, et al., Respondents.
No. 73-049.
Colorado Court of Appeals, Div. I.
August 21, 1973.
*1089 Criswell & Patterson, John A. Criswell, Englewood, for petitioner.
John P. Moore, Atty. Gen., John E. Bush, Deputy Atty. Gen., Peter L. Dye, Asst. Atty. Gen., Denver, for respondent Industrial Comm. of the State of Colorado.
Dosh, DeMoulin, Anderson & Campbell, J. Kent Miller, Denver, for respondents Garrett Freightlines, Inc., and Truck Ins. Exchange.
Selected for Official Publication.
ENOCH, Judge.
This case involves a review of an order of the Industrial Commission in proceedings under the Workmen's Compensation Act of Colorado.
On December 30, 1971, Bobby W. Richmond, claimant, filed a claim for compensation alleging that while employed as a driver for Garrett Freightlines, Inc., he sustained a compensable injury to his back in an industrial accident which occurred on April 15, 1970. The employer and its insurer, Truck Insurance Exchange, contested liability.
Following a hearing, a referee of the Division of Labor found that "claimant was injured in an accident arising out of and in the course of his employment on April 15, 1970, when he injured his back. . . and he filed his claim for compensation on December 30, 1971, more than 18 months from the date of his accident." Upon the basis of a finding that the claimant offered no reasonable excuse for his failure to file within the one year statutory period, the referee dismissed the claim. On review, the Commission approved, affirmed, and adopted the order of the referee. The claimant has filed this petition seeking reversal of the order on the ground, among others, that the Commission failed to make a finding as to when claimant reasonably should have recognized the compensable character of his injury. We agree with claimant's contention and reverse the Commission's order.
Under 1971 Perm.Supp., C.R.S.1963, 81-13-5(2), the right to compensation and benefits is barred unless a claim is filed within one year after the injury. The statute also provides that the one year limitation does not apply "when it is established to the satisfaction of the director within two years after the injury or death that a reasonable excuse exists for the failure to file such a notice claiming compensation, and the employer's rights have not been prejudiced thereby . . . ." Claimant does not contend that his claim is under the two-year provision of the statute. He asserts that he filed his claim within one year of the date of his injury, as that word has been defined in City of Boulder v. Payne, 162 Colo. 345, 426 P.2d 194, and as opposed to the date of his accident.
The instant case is controlled by Peterson v. Wandell-Lowe Transfer and Storage, 168 Colo. 250, 450 P.2d 660, where on similar facts, our Supreme Court held that the Commission's order must be vacated and the cause remanded for an express determination of the date when the workman reasonably should have recognized the nature, seriousness, and probable compensable character of his injury. Since the Commission's order is devoid of such a finding, it must be set aside and the cause remanded to the Commission with directions that the claim be reinstated and for further proceedings consistent with the views herein expressed.
Order set aside and cause remanded with directions.
SILVERSTEIN, C. J., and PIERCE, J., concur.