Kenneth R. MARTIN, Petitioner,

v.

The **INDUSTRIAL COMMISSION of the State of Colorado, Mitchell Construction Company, Employer, and Argonaut Insurance Company, Insuror, Respondents.**

No. 79CA0182.

Colorado Court of Appeals,
Div. III.

Dec. 28, 1979.

Rehearing Denied Jan. 17, 1980.

Douglas R. Phillips, Denver, for petitioner.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Molly Sommerville, Asst. Atty. Gen., Denver, for respondent Industrial Commission of the State of Colorado.

White & Steele, P. C., Stephen K. Gerdes, Denver, for respondents Mitchell Construction Company, Employer, and Argonaut Insurance Company, Insuror.

VAN CISE, Judge.

Petitioner, Kenneth Martin, (the employee) filed a claim for workmen's compensation for an injury he received during and in the course of his employment. The Industrial Commission found that he had failed to file his claim within the prescribed time limit and that the claim was therefore barred. The employee petitions for review, and we affirm.

The employee, a construction supervisor, injured his knee when he fell in a hole on a construction site on September 14, 1972.

The next day, he was treated by a doctor and was found to have a traumatic sprain of his right knee and an aggravation of a prior injury. Mitchell Construction Company (the employer) filed its report with Argonaut Insurance Company (the insurer), who thereafter contacted the employee to arrange further medical appointments. The employee was subsequently examined by two other doctors at the request and expense of the insurer. These examinations were all within five months of the accident and all three doctors recommended surgery or stated that surgery would eventually be necessary. In March 1973, the insurer wrote to the employee indicating that it would pay for the surgery. The insurer made two subsequent inquiries of the employee concerning his condition, in August and October of 1973, but received no response.

The employee then visited another doctor in November 1973 and January 1974. That doctor also recommended surgery on the knee. The employee filed his claim for compensation on November 3, 1975.

After a hearing before a referee, the Commission ruled that the employee knew or should have known that he had a compensable claim more than two years prior to his filing of the claim and that, therefore, his claim was not timely and was barred.

I.

The employee first contends that the employer and its insurer are estopped from asserting, as a defense, the employee's untimely filing of his claim, on the ground that, by their actions, they induced the employee to forego such filing. We disagree.

■ The employee argues that, since the insurer paid for all of his medical bills except for the two most recent examinations, and since the insurer offered, in 1973, to pay for his surgery, the employer and insurer "lulled" him into not filing his claim and therefore cannot now benefit from his failure to file in time. This argument, however, totally ignores the provisions of the applicable statute, recodified as § 8–52–

105(2), C.R.S.1973, which provides, in pertinent part:

"The right to compensation and benefits provided by [Articles 40 to 54 of this title] shall be barred unless, within one year after the injury or after death resulting therefrom, a notice claiming compensation is filed with the division. This limitation shall not apply to any claimant to whom compensation has been paid . . *and the furnishing of medical, surgical, or hospital treatment by the employer shall not be considered payment of compensation or benefits within the meaning of this section* . . . ." (emphasis added) [1]

■ This statute clearly provides that payment of medical expenses, such as those paid for by the insurer on behalf of the employer here, are not to be considered compensation so as to toll or modify the time limitation for filing a claim. Under the circumstances here, we find no waiver by the employer or insurer and find no grounds for any estoppel.

## II.

■ The employee next contends that the Commission's ruling is not supported by the evidence. We disagree.

The Commission found that the employee had been informed by each of the three doctors who examined him within the first five months that surgery was recommended or would eventually be necessary. The Commission also found that the employee was an experienced foreman and construction superintendent and that he was at least somewhat knowledgeable that compensation benefits were available for on-the-job injuries. Based on these findings, the Commission concluded that the employee knew or reasonably should have recognized that he had a compensable injury more than two years prior to the actual

filing of his notice of claim, and his claim was therefore barred by the statute. *See City of Boulder v. Payne*, 162 Colo. 345, 426 P.2d 194 (1967); *Richmond v. Industrial Commission*, 33 Colo.App. 21, 513 P.2d 1088 (1973). The Commission's findings, being supported in the record, and its conclusions, being properly based upon those findings, will not be disturbed by this court. *Keystone International, Inc. v. Gale*, 33 Colo. App. 216, 518 P.2d 296 (1973).

## III.

■ Finally, the employee contends that, even though the formal requirements of filing a notice of claim were not complied with within the time limitation, there was sufficient information available to the Commission from reports filed by the employer and its insurer within the time limitation period to make the employee's filing of a formal notice repetitious and unnecessary. Again, we disagree.

The employee argues that where some aspects of a proper formal notice of claim are absent, if the substance of the notice is sufficient and there is only a defect as to form, it is still acceptable. As authority for his argument, he cites 3 *A. Larson, Workmen's Compensation Law* § 78.11, wherein the author states:

"Even under a statute that specifically requires the filing of a claim, most courts will accept as the equivalent of a statutory claim any paper that contains the substance usually supplied by a formal claim, although the form may be defective. . .

"At the minimum, the informal substitute for a claim should identify the claimant, indicate that a compensable injury has occurred, and convey the idea that compensation is expected."

---

1. Effective September 1, 1975, this subsection was amended to extend the period for filing the notice claiming compensation from one year to three years after the injury or after death resulting therefrom. *See* § 8–52–105(2), C.R.S. 1973 (1978 Cum.Supp.). However, the bar of the one year statute having attached, the

amendatory act cannot revive the right to file the notice of claim. *Edelstein v. Carlile*, 33 Colo. 54, 78 P. 680 (1904); *D.Z.M. v. D.A.G.*, Colo.App., 592 P.2d 1 (1978) (cert. granted March 19, 1979). In the instant case, the notice was filed more than three years after the accident and injury occurred.

In this case, however, even assuming the employee's argument to be valid, there is no filing sufficient to constitute a notice of claim. The information supplied by the employer and its insurer which the employee refers to was merely a report of the accident, and, while it may contain information such as the name of the worker and the date and details of the accident, it does not assert that a compensable injury has occurred nor give notice that compensation is expected. The principle advanced by the employee is meant to apply where the intent of the filing statute has been fulfilled, but some non-substantive technical aspect of the claim is absent. That is not the case here. The employee did not make any timely attempt to file a notice of claim and the employer's informational report of the accident cannot be relied upon as a substitute.

Order affirmed.

PIERCE and BERMAN, JJ., concur.