The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
September 12, 2019

## 2019COA146

**No. 18CA2308, *Packard v. Industrial Claim Appeals Office* — Limitation of Actions; Labor and Industry — Workers' Compensation — Notices and Procedures — Notice of Injury**

A division of the court of appeals holds that section 8-43-103(2), C.R.S. 2018, is a statute of limitations applicable to the Workers' Compensation Act of Colorado. It requires a claimant seeking disability or indemnity benefits to file a "notice claiming compensation" within two years of discovering the work-related nature of the claimant's injuries, or within three years if the claimant can establish a reasonable excuse for late filing and the employer suffered no prejudice as a result. *Id.* To satisfy the statutory requirement, the "notice claiming compensation" must notify the Division of Workers' Compensation and the opposing party of a claimant's intent to seek compensatory benefits. *Id.*

Consequently, documents which do not provide this information — including an employer's first report of injury or notice of contest, a claimant's service of interrogatories or claimant's counsel's entry of appearance, or the Division's assignment of a claim number — do not satisfy the Act's statute of limitations for claiming compensation.

Court of Appeals No. 18CA2308
Industrial Claim Appeals Office of the State of Colorado
WC No. 4-925-466

Joseph Packard,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado and City and County of
Denver, Colorado,

Respondents.

ORDER AFFIRMED

Division IV
Opinion by JUDGE ROMÁN
J. Jones and Martinez*, JJ., concur

Announced September 12, 2019

Law Office of O'Toole and Sbarbaro, P.C., Neil D. O'Toole, Denver, Colorado, for
Petitioner

Philip J. Weiser, Attorney General, Evan P. Brennan, Assistant Attorney
General, Denver, Colorado, for Respondent Industrial Claim Appeals Office

Kristin M. Bronson, City Attorney, J.P. Moon, Assistant City Attorney, Stephen
J. Abbott, Assistant City Attorney, Denver, Colorado, for Respondent City and
County of Denver

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2019.

¶ 1    In this workers' compensation action, we are asked to address whether certain documents constitute a "notice of injury" such that claimant, Joseph Packard, beat the statute of limitations of the Workers' Compensation Act of Colorado (Act), set forth in section 8-43-103(2), C.R.S. 2018.  We agree with the Industrial Claim Appeals Office (Panel) that neither a notice of contest nor a first report of injury satisfies the statute of limitations and that to satisfy the statutory mandate a document must notify the Division of Workers' Compensation (Division) and the opposing party that a claimant is "claiming compensation" within the meaning of the statute.  We therefore affirm the Panel's final order.

## I.  Background

¶ 2    Claimant is a firefighter for the City and County of Denver.  In July 2013, he was diagnosed with melanoma of the trunk.  On July 24, 2013, he advised the City of his cancer diagnosis and asserted his belief that the melanoma was related to or caused by his work as a firefighter for the City.  The City filed its first report of injury with the Division on August 5, 2013.  The next day, the City filed a notice of contest indicating it needed to further review the claim and claimant's medical records.

1

¶ 3     On August 7, 2013, the Division notified claimant that a notice of contest had been filed.  The Division's form letter to claimant included the following language:

> Because your claim for benefits has been denied, you may file for an expedited hearing and have an Administrative Law Judge decide if benefits should be awarded.  You must file an Application for Expedited Hearing within forty-five (45) days from the date on the Notice of Contest form.  If you request a hearing after this date, your hearing will be held between 80 and 100 days after a hearing date is set.

> \* \* \* \* \*

> If you have not filed a Workers' Claim for Compensation, you may wish to do so.

¶ 4     One year after claimant's diagnosis, Dr. Annyce Mayer, a physician with National Jewish Health Medical, concluded that claimant was at maximum medical improvement (MMI) "with a 10% whole person impairment."  She opined that there is "increasing epidemiologic evidence for increased risk of melanoma in firefighters, particularly in [claimant's] age group."  Weighing claimant's occupational and nonoccupational risk factors for developing melanoma, Dr. Mayer concluded that "his increased risk for melanoma due to non-occupational risk factors does not

2

establish the 'cause' for his developing malignant melanoma on a medically probable basis."

¶ 5    In May 2017, Dr. Mayer followed up her initial opinion with a supplemental report.  She concluded that claimant's "melanoma meets the medical requirements of the Colorado Firefighter Presumption Statute, [section] 8-41-209, C.R.S. [2018,] . . . and that his underlying risk factors do not render it more probable that his melanoma arose from a source outside of the workplace, to a reasonable degree of medical probability."  She also opined that claimant's melanoma remained in remission.

¶ 6    Claimant filed an application for hearing on October 6, 2017, seeking medical and temporary total disability benefits.  The City eventually admitted compensability, but asserted a statute of limitations defense, arguing that the claim was barred because claimant filed his application more than four years after learning of his melanoma and reporting it to the City.

¶ 7    An administrative law judge (ALJ) concluded that the Division's assignment of a claim number to the claim, along with the City's filing of the first report of injury and a notice of contest,

demonstrated that the City was on notice of the claim before the running of the statute of limitations.

¶ 8   But the Panel rejected this conclusion and set aside the ALJ's order. The Panel instead held that neither the first report of injury nor the notice of contest satisfied claimant's statutory obligation to file a "notice claiming compensation." Likewise, the Panel held, the Division's assignment of a claim number to the case could not "substitute for the filing of a workers' claim for compensation." The Panel observed that none of these actions — the filing of the first report of injury, the filing of the notice of contest, or the assignment of a claim number — indicated whether "the claimant had missed any time from work, was alleging any permanent impairment, or was seeking medical treatment." In short, the Panel held, the forms did not put the City or the Division on notice that claimant was claiming compensation for his occupational disease.

## II.  Statute of Limitations

¶ 9   Claimant contends that the Panel misinterpreted the applicable statute of limitations, section 8-43-103(2). He argues that the City had adequate notice of his intent to pursue compensation through the Division's assignment of a claim number

4

to the case, the City's filing of the first report of injury and notice of contest, and his filing of several documents. He identifies several documents his counsel filed on his behalf on February 4, 2015, which, he asserts, fulfilled his notice obligation: (1) a notice pursuant to section 8-41-203(4), C.R.S. 2018,[1] stating that his injuries arose "from an injury and/or occupational disease occurring on 7/24/2013"; (2) a notice of objection to verbal communications with claimant, treating physicians, or healthcare providers; (3) combined ongoing production requests and interrogatories; (4) an objection to admissions; and (5) his counsel's entry of appearance. We are not persuaded that the Panel misinterpreted or misapplied the statute.

### A. Applicable Statute: C.R.S. 8-43-103

¶ 10     The Act imposes notice requirements and a general statute of limitations which applies to nearly all requests for compensation and benefits pursued thereunder. *See* § 8-43-103. The relevant portions of the statute provide as follows:

---

[1] Section 8-41-203(4), C.R.S. 2018, requires a claimant who believes another party may be liable for any claimed injuries to notify the affected employer of such belief and identify any third party who may be so liable.

5

(1) Notice of an injury, for which compensation and benefits are payable, shall be given by the employer to the division and insurance carrier, unless the employer is self-insured, within ten days after the injury . . . .  If no such notice is given by the employer, as required by articles 40 to 47 of this title, such notice may be given by any person.  Any notice required to be filed by an injured employee . . . may be made and filed by anyone on behalf of such claimant and shall be considered as done by such claimant if not specifically disclaimed or objected to by such claimant in writing filed with the division within a reasonable time.  Such notice shall be in writing and upon forms prescribed by the division for that purpose and served upon the division by delivering to, or by mailing by registered mail two copies thereof addressed to, the division at its office in Denver, Colorado.  Upon receipt of such notice from a claimant, the division shall immediately mail one copy thereof to said employer or said employer's agent or insurance carrier.

(2) The director and administrative law judges employed by the office of administrative courts shall have jurisdiction at all times to hear and determine and make findings and awards on all cases of injury for which compensation or benefits are provided by articles 40 to 47 of this title. . . .  *[T]he right to compensation and benefits provided by said articles shall be barred unless, within two years after the injury . . . a notice claiming compensation is filed with the division.*  This limitation shall not apply to any claimant to whom compensation has been paid or if it is established to the satisfaction of the director within three years after the injury or death that a reasonable excuse exists for

6

the failure to file such notice claiming compensation and if the employer's rights have not been prejudiced thereby, and the furnishing of medical, surgical, or hospital treatment by the employer shall not be considered payment of compensation or benefits within the meaning of this section; but, in all cases in which the employer has been given notice of an injury and fails, neglects, or refuses to report said injury to the division as required by the provisions of said articles, this statute of limitations shall not begin to run against the claim of the injured employee . . . until the required report has been filed with the division.

*Id.* (emphasis added).

B. Rules of Statutory Construction and Standard of Review

¶ 11    When we analyze a provision of the Act, "we interpret the statute according to its plain and ordinary meaning" if its language is clear. *Davison v. Indus. Claim Appeals Office*, 84 P.3d 1023, 1029 (Colo. 2004). "[W]e give effect to every word and render none superfluous because we 'do not presume that the legislature used language idly and with no intent that meaning should be given to its language.'" *Lombard v. Colo. Outdoor Educ. Ctr., Inc.*, 187 P.3d 565, 571 (Colo. 2008) (quoting *Colo. Water Conservation Bd. v. Upper Gunnison River Water Conservancy Dist.*, 109 P.3d 585, 597 (Colo. 2005)).

¶ 12    We review an issue of statutory construction de novo. *Ray v. Indus. Claim Appeals Office*, 124 P.3d 891, 893 (Colo. App. 2005), *aff'd*, 145 P.3d 661 (Colo. 2006). Although we defer to the Panel's reasonable interpretations of the statute it administers, *Sanco Indus. v. Stefanski*, 147 P.3d 5, 8 (Colo. 2006), we are "not bound by the Panel's interpretation" or its earlier decisions, *United Airlines v. Indus. Claim Appeals Office*, 2013 COA 48, ¶ 7; *Olivas-Soto v. Indus. Claim Appeals Office*, 143 P.3d 1178, 1180 (Colo. App. 2006). "[T]he Panel's interpretation will be set aside only if it is inconsistent with the clear language of the statute or with the legislative intent." *Support, Inc. v. Indus. Claim Appeals Office*, 968 P.2d 174, 175 (Colo. App. 1998).

C.  Law Governing the Act's Statute of Limitations

¶ 13    To be timely under the Act, section 8-43-103(2) mandates that a claim for workers' compensation must be filed within two years of the alleged injury by filing a "notice claiming compensation." A "notice claiming compensation" is commenced when a claimant notifies the division of his or her alleged injuries and intent to pursue compensation. *See Pinkard Constr. Co. v. Schroer*, 487 P.2d 610, 612 (Colo. App. 1971) (not published pursuant to C.A.R. 35(f))

8

(supplemental report of injury prepared, signed, and filed by the claimant with Industrial Commission was sufficient to constitute a notice claiming compensation even though the claimant did not use prescribed form). Accordingly, to timely commence his action, claimant had to file a notice with the Division advising it of the nature of his claim and his intent to seek compensation.

¶ 14    "[T]he limitation period commences when the claimant, as a reasonable person, should recognize the nature, seriousness, and probable compensable character of the injury." *City of Durango v. Dunagan*, 939 P.2d 496, 498 (Colo. App. 1997); *see also City of Boulder v. Payne*, 162 Colo. 345, 351, 426 P.2d 194, 197 (1967); *City of Colorado Springs v. Indus. Claim Appeals Office*, 89 P.3d 504, 506 (Colo. App. 2004).

¶ 15    In other words, section 8-43-103(2) requires that claims for workers' compensation be filed within two years of a claimant's discovery of a work-related injury. The two-year statute of limitations deadline may be extended for one additional year, but only if the claimant establishes a reasonable excuse for failing to timely file and that the employer was not prejudiced by the claimant's late filing. *See Silsby v. Tops Drive In Rest.-Dutton*

*Enters., Inc.*, 160 Colo. 549, 551, 418 P.2d 525, 526 (1966) ("A 'legally justifiable' excuse is one which the Commission . . . finds to be reasonably sufficient to excuse the delay.").

### D. The Statute of Limitations Applies and Bars Claimant's Claim

¶ 16    Claimant informed the City that there was a connection between his work fighting fires and his melanoma shortly after his 2013 diagnosis.  Dr. Mayer strongly suggested such a connection in her 2014 report.  As *Dunagan* and *Payne* make clear and the parties do not dispute, the statute of limitations commenced running in 2013 because claimant knew then the nature of his illness and its connection to his work.  *See Payne*, 162 Colo. at 351, 426 P.2d at 197; *Dunagan*, 939 P.2d at 498.  Based on claimant's admission that he knew in 2013 that his firefighting duties may have caused his melanoma, he needed to file his claim by 2015 to comply with the two-year statute of limitations, or by 2016 if he could establish a reasonable excuse for failing to file within two years.  Because he did not file his application for a hearing with the Division until October 2017, section 8-43-103(2) barred his claim.

¶ 17    Claimant argues, however, that the City's filing of a first report of injury and a notice of contest, as well as the Division's

10

assignment of a claim number, satisfied his obligation to file a notice claiming compensation. He also points to the documents his counsel filed on his behalf on February 4, 2015, as evidence that the City and the Division were on notice of his intent to litigate his claim and pursue compensation. He asserts that because Colorado is a "notice pleading" state, no further notice was required of him. We are not persuaded, for three reasons.

¶ 18    First, none of the documents to which claimant points — not the notice of contest, the first report of injury, nor any of the documents his counsel filed — indicated that claimant was "claiming compensation" within the meaning of section 8-43-103(2). Nor did any of the identified documents provide an impairment rating or indicate that claimant had sustained a permanent impairment. Section 8-43-103(2) expressly excludes from the definition of "compensation" "the furnishing of medical, surgical, or hospital treatment by the employer." It is therefore limited to claims for disability (also known as indemnity) benefits based on partial or total impairment. *See Hussion v. Indus. Claim Appeals Office*, 991 P.2d 346, 347 (Colo. App. 1999) ("[T]he term 'compensation,' as used in the Act, may refer to benefits paid for

both temporary and permanent disabilities or impairments."). Disability and medical benefits are thus treated differently by the legislature in this section, a distinction evident in other sections of the Act, as well, which often "treat medical benefits separately from indemnity benefits." *Support, Inc.*, 968 P.2d at 176 (use of the term "compensation" in the forfeiture clause of section 8-43-402, C.R.S. 2018, did not apply to medical benefits so claimant did not forfeit her right to ongoing medical benefits because of a felony conviction); *see also Wild W. Radio, Inc. v. Indus. Claim Appeals Office*, 905 P.2d 6, 9 (Colo. App. 1995) (rejecting the employer's contention that reduction in "compensation" under section 8-42-112, C.R.S. 2018, for a safety violation or intoxication applies to medical benefits). None of the documents claimant points to specifies that claimant was seeking compensation as that term is defined in section 8-43-103. Consequently, none satisfied section 8-43-103(2)'s requirement of providing notice that claimant was "claiming compensation."

¶ 19 The Panel reached this same conclusion. In reaching its decision, the Panel followed a decades-old decision issued by this court. In that decision, a division of this court held that an

employer's first report of injury was insufficient "to constitute a notice of claim." *Martin v. Indus. Comm'n*, 43 Colo. App. 521, 524, 608 P.2d 366, 369 (1979). The division observed that the employer's notice of injury filed with the Industrial Commission "was merely a report of the accident, and, while it may contain information such as the name of the worker and the date and details of the accident, it [did] not assert that a compensable injury ha[d] occurred nor give notice that compensation [wa]s expected." *Id.*

¶ 20 Since *Martin*, the Panel has consistently ruled that a first report of injury form filed by an employer does not satisfy the statutory requirement that claimants file a notice claiming compensation.

¶ 21 We agree with the Panel that neither a first report of injury nor a notice of contest constitutes a "notice claiming compensation" within the meaning of section 8-43-103(2). The Act requires employers to file a report — not a claim — containing information mandated by the director of the Division "upon forms prescribed by the division for that purpose." § 8-43-101(1), C.R.S. 2018. If an employer "fails, neglects, or refuses to report said injury to the

division" by providing the mandated information on the prescribed division form, "*this statute of limitations shall not begin to run against the claim of the injured employee.*" § 8-43-103(2) (emphasis added). "'Claim' is a term of art which is defined broadly as 'the aggregate of operative facts which give rise to a right enforceable in the courts.'" *Kieckhafer v. Indus. Claim Appeals Office*, 2012 COA 124, ¶ 15 (quoting *Dinosaur Park Invs., L.L.C. v. Tello*, 192 P.3d 513, 516 (Colo. App. 2008)). Under the express statutory language, then, the statute of limitations continues to run even when an employer files a first report of injury form.

¶ 22    Similarly, a notice of contest contains no information about a claimant's claim for indemnity or disability benefits. It simply advises the Division and the claimant that an employer or insurer believes a claim may not be covered for any number of reasons. Thus, nothing in section 8-43-103 suggests that an employer's filing of a first report of injury or notice of contest absolves a claimant's burden to file a "notice claiming compensation."

¶ 23    Because the Panel's interpretation is consistent with the clear language of the statute, we perceive no basis for straying from it here. *See Kilpatrick v. Indus. Claim Appeals Office*, 2015 COA 30, ¶

31 ("[W]e defer to the Panel's 'reasonable interpretations' of its own regulations, and only set aside the Panel's interpretation 'if it is inconsistent with the clear language of the statute or with the legislative intent.'" (quoting *Zerba v. Dillon Cos.*, 2012 COA 78, ¶ 37)).

¶ 24     We also reject claimant's assertion that the assignment of a claim number constituted a notice of claim.  Contrary to claimant's suggestion, we see nothing in the assigning of a claim number by the Division that satisfies a claimant's obligation to notify the Division and the employer of his intent to seek compensation. Neither party receives or provides any information concerning benefits, impairment, or disability through the assignment of a claim number.  Thus, the critical information conveyed when "a notice claiming compensation is filed with the division" is not provided by the assignment of a claim number.  *See* § 8-43-103(2).

¶ 25     Second, claimant's proposed construction would render the statute of limitations meaningless, a result which is also prohibited. *See Pineda-Liberato v. People*, 2017 CO 95, ¶ 39 ("We cannot, however, interpret statutory provisions so as to render any of their words or phrases meaningless or superfluous."); *Berthold v. Indus.*

15

*Claim Appeals Office*, 2017 COA 145, ¶ 32. As the City points out, claimant's proposed construction would completely vitiate the statute of limitations because the statute would not commence running if an employer failed to file a first report of injury but would stop running as soon as an employer filed a first report of injury. In other words, if the statutorily required first report of injury served to satisfy the statute of limitations, a claimant would have unlimited time within which to file an application for hearing because the statute would never be triggered — if the employer filed a first report of injury — or would always be tolled — if the employer failed to file the required report. Permitting a first report of injury to satisfy the statute of limitations would thus improperly render the statute of limitations meaningless and without effect. *Pineda-Liberato*, ¶ 39; *Berthold*, ¶ 32.

¶ 26 And, third, we agree with the City and the Panel that section 8-43-103(1) imposes filing obligations on employers, while section 8-43-103(2) applies to claimants. As we read the statute, subsection (1) requires employers to file a first report of injury, providing the timeline within which employers must take that action. In contrast, subsection (2) — the statute of limitations

subsection — states that it "shall not apply to any claimant to whom compensation has been paid," suggesting that the converse is also true: the subsection *applies* to any claimant who has not received compensation.  *See* § 8-43-103(1), (2).  Because the legislature put the parties' obligations in separate subsections of the statute, we conclude that the legislature did not intend for a document that subsection (1) requires an employer to file — the first report of injury — to satisfy a claimant's obligation under subsection (2).

¶ 27    The case on which claimant relies in support of his position, *Colorado Auto Body, Inc. v. Newton*, 160 Colo. 113, 414 P.2d 480 (1966), is distinguishable.  Claimant cites *Newton* for the proposition that a "mere irregularity" in a filing form does not prevent a claim from proceeding.  *Id.* at 122, 414 P.2d at 485.  When the deficiency is only as to form, there can be a waiver of a statute of limitations defense based on inadequate notice of a claim.  *Id.*  However, in *Newton*, the notice, albeit "irregular," and the hearing both occurred before the expiration of the statute of limitations.  Because the hearing had been held within the statutory time limit, the supreme court held that the employer had

17

waived any objection to the "technical deficiencies" in the notice. *Id.*

¶ 28    Accordingly, we conclude that although employer filed a first report of injury and a notice of contest, claimant nonetheless had to file a timely claim for compensation — such as an application for hearing — with the Division to ensure that his claim was not barred by the statute of limitations.  It is undisputed that claimant did not file his application for hearing until more than four years after his melanoma diagnosis and his notice to the City and the Division that he believed his cancer was work related.  By then, both the applicable two-year statute of limitations, as well as the additional year permitted for a reasonable excuse, had lapsed.  *See* § 8-43-103(2).  We therefore agree with the Panel's conclusion that claimant's claim is barred by the statute of limitations.

### III.  Claimant's Remaining Arguments

¶ 29    In addition to his primary contention that the Panel misinterpreted and misapplied the statute, claimant raises several other contentions.  They are as follows:

(1) The Panel's order disregarded the Act's mandate "to assure the quick and efficient delivery of disability and medical

benefits to injured workers." *See* § 8-40-102(1), C.R.S. 2018. He points out that the firefighter cancer presumption statute, section 8-41-209, does not contain a statute of limitations, and that, by imposing a limit on firefighters, the Panel frustrated the legislature's intent.

(2) The City should have been required to show prejudice before the statute of limitations was applied.

(3) The City's notice of contest form should have estopped it "from asserting a violation of [section] 8-43-103 because it informed [claimant] that the only requirement for moving forward with his claim was to apply for hearing."

None of these arguments persuade us to reach a different result.

## A. Effectuating the Act's Purpose

¶ 30    The stated goal of the Act is "to assure the quick and efficient delivery of disability and medical benefits to injured workers at a reasonable cost to employers, without the necessity of any litigation." § 8-40-102(1). "In construing the language of the [Act], we have previously held that the Act is 'intended to be remedial and beneficent in purpose, and should be liberally construed in order to

19

accomplish these goals.'" *Ray*, 145 P.3d at 668 (quoting *Davison*, 84 P.3d at 1029).

¶ 31 Claimant contends that the Panel violated these principles when it barred his claim on statute of limitations grounds. He argues that barring his claim thwarts the legislature's intent that firefighters be compensated for their work-related cancers. Further, he contends, the firefighter cancer presumption statute under which he asserted his claim, section 8-41-209, contains no specific statute of limitations.

¶ 32 Although claimant correctly distills the Act's stated purpose and goal, that purpose does not negate the specific statute of limitations set out in section 8-43-103(2). A declaration of legislative intent "cannot override a statute's elements." *People in Interest of T.B.*, 2016 COA 151M, ¶ 42, *aff'd*, 2019 CO 53. As to claimant's contention that section 8-41-209 does not expressly set forth a statute of limitations, claimant does not point us to any provision in the Act that includes its own statute of limitations, and we know of none. Rather, section 8-43-103(2) makes clear that, with the exception of certain injuries caused by radioactive materials, it applies to all claims for "compensation and benefits

20

provided by . . . articles [40 to 47 of this title]." Thus, by its express language, section 8-43-103(2) applies to section 8-41-209.

¶ 33 For these reasons, we conclude that the Panel did not violate the Act's legislative declaration.

## B. Prejudice

¶ 34 Claimant next contends that the City should have been required to show prejudice before his claim was dismissed as time barred. He argues that the prejudice provision in section 8-43-103(2) applied and cites to *Newton* and *Colorado Fuel & Iron Corp. v. Industrial Commission*, 129 Colo. 287, 269 P.2d 696 (1954), in support of his position. Claimant is mistaken.

¶ 35 Section 8-43-103(2) does require an employer to show prejudice if a claimant is seeking to file a claim for compensation within a year of the expiration of the two-year statute of limitations. It states that the two-year statute of limitations "shall not apply . . . if it is established to the satisfaction of the director within three years after the injury . . . that a reasonable excuse exists for the failure to file such notice claiming compensation *and* if the employer's rights have not been prejudiced thereby." § 8-43-103(2) (emphasis added). Contrary to claimant's assertion, this provision

only applies when a claimant files a claim after the two-year statute of limitations has expired but before a third year has elapsed. It does not apply to claims filed outside that three-year limit.

¶ 36 Nor do the cases claimant cites support his position. *Colorado Fuel & Iron* concerned a claim filed outside the then-applicable one-year statute of limitations, but before the expiration of the additional grace year which, like the current version of the statute, granted claimants one additional year within which to file a claim for compensation if they showed "that a reasonable excuse exists for the failure to file such notice claiming compensation, and the employer's rights have not been prejudiced thereby." 129 Colo. at 290, 269 P.2d at 697. It therefore did not involve the assertion of a claim for compensation beyond the extra one-year window.

¶ 37 *Newton* is likewise distinguishable. It held that the statute of limitations did not bar a claim because the referee's order joining the employer to the workers' compensation action sufficiently notified the employer and its insurer of the claim for compensation. Because that order was issued only five months after the accident at issue occurred, the employer and insurer were notified that the claimant was "claiming compensation" well within the statute of

limitations. *Newton*, 160 Colo. at 116-17, 414 P.2d at 482.

Therefore, it, too, does not support claimant's contention.

¶ 38     Prejudice is not a statutorily required factor for application of

the statute of limitations after the time period has fully expired, and

we decline to read such a provision into section 8-43-103(2). *See*

*Kraus v. Artcraft Sign Co.*, 710 P.2d 480, 482 (Colo. 1985) (The

appellate courts of this state have "uniformly held that a court

should not read nonexistent provisions into the . . . Act."); *see also*

*Kieckhafer*, ¶ 16.

## C.  Estoppel

¶ 39     Last, claimant contends that the City should have been

estopped from asserting a statute of limitations defense because the

notice of contest form it filed "informed [claimant] that the only

requirement for his moving forward with his claim was to apply for

hearing."  Claimant points to language on the form which advises

claimants that they "may request an expedited hearing on the issue

of compensability by filing an Application for Hearing and Notice to

Set *and* a Request for Expedited Hearing with the Office of

Administrative Courts."  We are not persuaded that this language

estopped the City from raising the statute of limitations.

¶ 40　True, a party may be equitably estopped from asserting the statute of limitations.  *See Thurman v. Tafoya*, 895 P.2d 1050, 1058 (Colo. 1995).  But claimant had to establish several factors to successfully invoke the doctrine.

> To invoke the doctrine of equitable estoppel, a party who relies to his detriment on an affirmative promise must show that the promisor may have reasonably expected to induce action or forbearance of a material character.  Moreover, the claimant must show that reasonable reliance on these assertions discouraged the claimant from bringing suit within the applicable time period.  A party, however, may not rely on the mere non-committal acts of another in order to establish equitable estoppel.

*Id.* at 1058 (citations omitted).

¶ 41　As both the City and the Panel point out, claimant has not established these elements.  In particular, claimant has not shown that (1) the City made any "affirmative promise" to him; (2) the City "reasonably expected" him to rely on its (undisclosed) promise; (3) he was discouraged from pursuing his claim because he relied on the City's unidentified promises; or (4) he relied on that language when he delayed filing his claim.  *See id.*  The City's notice of contest was filed on a Division-prepared form.  The City did not

24

draft any of the boilerplate language contained therein, including the instructions for requesting an expedited hearing. Because the City never expressly directed the boilerplate language to claimant, he cannot now claim it constituted a promise from the City to him or that the City had any expectation that he would rely on it to his detriment.

¶ 42 More importantly, claimant admits that he filed his claim for compensation late because "the filing of an Application for Hearing awaited the decisions of the Colorado Supreme Court concerning burdens of proof under [section] 8-41-209." He thus implicitly concedes that his decision to file his application for hearing after the statute of limitations had expired was unrelated to the advisement addressing expedited hearings in the City's notice of contest form, and he cannot now claim that language in the notice of contest induced him to delay filing his claim. In the absence of any detrimental reliance, claimant cannot establish equitable estoppel.

¶ 43 Accordingly, we reject this contention, as well.

IV. Conclusion

¶ 44 The order is affirmed.

JUDGE J. JONES and JUSTICE MARTINEZ concur.